## PARISH & a. *vs.* GILMANTON & a.

The chairman of the committee appointed by the court of common pleas to lay out a highway, prior to the time appointed for the hearing of all persons interested in the subject of the laying out of said way, made out the form of a notice to be given to the selectmen of the towns through which, and the owners of lands over which, said road was proposed to be laid out, and signed the same as chairman of the committee so appointed, and sent the same to one of the petitioners, with instructions to him to make out similar notices, and to sign the same in a similar manner in his behalf, and to serve the same— *Held*, that the notices made in pursuance of such instructions, being made under the direction of the chairman of the committee, acting as their organ, and with his sanction, were sufficient: the same being well warranted by the provisions of the statute, and sanctioned by long usage.

In the service of said notices, it is not required, either by the statute or by any known usage, that the same should be evidenced by a return to be made by the person making the service. Any other satisfactory proof of the fact of service is sufficient.

## Parish v. Gilmanton.

When parties entitled to a notice of the time and place of the meeting of the committee to lay out a highway, appear before the committee, and make no objection at the time to the notices or the service thereof, such appearance, without objection, is a waiver of all right to notice at all, and consequently of all right to object to the form of the notices, or their sufficiency, and to the character of the proof of the service of the same.

A mortgagee, not in possession, is not entitled to be regarded as the owner of the land mortgaged, so as to entitle him to notice of the laying out of a contemplated highway over the land mortgaged, or to have the damages awarded to him therefor.

But the mortgager, while in possession, is to be regarded as the owner of the land for the purposes aforesaid.

Whether the mortgagee, by a formal entry into the land mortgaged, and notice of his claim, might not entitle himself to be treated as the owner, and to notice, and to have the damages awarded to him, *quere*.

It is probable, that such mortgagee might in any event have his rights protected by proceedings instituted for that purpose in chancery.

PETITION for a highway in Gilmanton, and certain other towns in the county of Strafford.

The petition having been committed by the court of common pleas to a committee to lay out said highway, upon the coming in of the report of said committee laying out the same, to its acceptance it was objected,

1. That no original notice was issued by said committee to either of said towns, or any of the owners of the land over which the highway passes.

2. That there was no return sufficient to show the service of a notice on the selectmen of either of said towns, or the land owners.

3. That certain persons were seized in fee and mortgage of a large tract of land over which said highway passed, the same being mortgaged to them at its full value, who were not notified of the proceedings of said committee, and to whom no damages were awarded by them.

It appeared that the chairman of said committee sent to one of the petitioners a notice by him signed, and directed him to make similar notices, and to sign the name of the chairman thereto, and to serve the same upon the selectmen

of said towns, and on the land owners ; and that he made the notices, and served the same accordingly.

It appeared by the affidavit of Rufus Parish, that he attended with the committee while they were acting upon said petition, and heard no objections made on account of said notices, in any manner, until the same were made in the court of common pleas upon the coming in of said report.

*B. Emerson*, for petitioners.

*Norris, Beard, & I. A. Eastman*, for Gilmanton & a.

WOODS, J. Section 9, of the statute directing the manner of laying out highways, (1 *N. H. Laws* 57) provides, that the "committee, having appointed a time and place for hearing the owners of the land, and caused due notice thereof to be given to such owners, in the same way and manner as is herein before directed in the case of highways laid out by selectmen ; and having also caused due notice to be given of such time and place, to the selectmen of the town or towns in which the highway is proposed to be laid out, shall proceed, at the time appointed, to examine the ground, and hear the parties," &c.

Section 1, of said act, provides, that no highway shall be laid out by the selectmen of any town, until a time and place shall have been appointed for hearing the owners of the land through which the highway is proposed to be laid out, and that "notice in writing, of the time and place therein appointed, shall be given to such owners, if known, or left at their last and usual place of abode," &c.

It is first objected, in substance, to the acceptance of the report, that the notices served were not original notices, but were mere copies, not having the sanction of the signature of the committee, nor of their chairman, to authenticate the same ; and that, for that reason, the same were not such no-

tices as are contemplated by the statute referred to, and were wholly insufficient.

It will be observed, on reference to the statute touching this question, that no form of notice is in terms prescribed by its provisions, except that the same be in writing, and the committee are only to cause due notice to be given, such as is directed in the case of highways laid out by selectmen.

No doubt is entertained, that the committee must be instrumental, to some extent, in the giving of the notices required by the statute; that the same must be done under the direction and sanction of the committee, or its chairman acting as their organ.

But the statute, by its terms, would seem plainly to contemplate the employment of some agency, by the committee, in the discharge of this part of their duty. It directs that the committee shall *cause* the notice to be given.

The extent to which such agency may be employed, or power conferred by the committee upon others to act in aid of the discharge of this branch of their official duty; whether to the extent of making notices, and affixing thereto the name and official character of the chairman of the committee, by the direction of the chairman himself, is the question before us.

If it may be said, that this manner of causing notice to be given is not prescribed by the statute; it may also well be answered, that it is certainly not in terms prohibited.

But the method adopted in this case of giving notice, of which complaint is made, is believed to have the sanction and approval of long continued usage, and of a plain practical construction of the provisions of the act requiring the notice to be given. And it is not known that any injury or prejudice has resulted to any one from its adoption; and it may well be supposed, and even readily perceived, that the practice has at least economy and convenience to recommend it.

We think, therefore, that the notice given in the present

Parish *v.* Gilmanton.

case to the owners of land and selectmen of the towns through which the road is laid out, was sufficient, and that the first exception cannot prevail.

In the second place, it is objected, that no evidence of the service of the notices is furnished, by any return thereof by the person who made the service.

It is a sufficient answer to this objection, that neither the statute nor any known usage requires any such return of service ; and there being no such requirement, any other satisfactory proof of the fact of the service of the notice, must be regarded as sufficient.

A further and abundant answer to both the preceding exceptions, is found in the fact, that those entitled to notice, and who now make the objection, were present at the hearing before the committee, at the time and place appointed, and made no objection, either to the sufficiency of the notices themselves, or the service thereof. The object of the notice required by the statute, is to give opportunity to those interested to be present, to guard their interests and protect their rights.

The whole object of a notice, then, being fully answered in the present case, and every advantage of it being enjoyed by those entitled to it, and that too without objection, to insist upon such notice, notwithstanding, falls little short of trifling, and is not greatly distinguished from unfair dealing.

And we are all clearly of opinion, that the preceding objections to the acceptance of the report, under the circumstances, come too late, and cannot avail. The parties having been present, without objection, thereby waived all right to notice at all, and consequently all right to object to the form of the notices, or their sufficiency, for any reason whatever, as well as the character of the proof of the service of the same.

In the third place it is objected, that certain mortgagees of land over which the road is laid, were not notified of the proposed laying out of the way, and that no damages were awarded them.

By the 1st section of the statute referred to, as has already been seen, it is provided, that notice shall be given to "the owners of the land through which the highway is proposed to be laid," &c.

Whether this exception can prevail, depends upon the proper decision of the question, whether a mortgagee is to be regarded as the owner of the land, for the purpose of receiving notice, and having damages awarded for the injury done in taking the easement in the lands mortgaged. It does not appear, in the present case, that the mortgagees were in possession. In such case, we think, that the mortgager in possession is to be regarded as the owner, and as such is entitled to notice. Indeed, it would now seem to be the firmly established doctrine in this state, that a mortgagee is entitled to have his mortgage interest regarded as real estate, and himself as the owner of the land mortgaged, so far only as to enable him to protect and to avail himself of his just rights, intended to be secured to him by the mortgage, and to give him all necessary and appropriate remedies for that purpose, and that in all other respects, and for all other purposes, it is to be treated as a chattel interest. *Southerin* vs. *Mendum*, 5 *N. H. Rep.* 420; *Glass* vs. *Ellison*, 9 *N. H. Rep.* 69; *Smith* vs. *Moore*, *Ante* 55; *Ellison* vs. *Daniels*, *Ante* 274.

And we think this is not one of the cases in which the mortgagee is entitled to be regarded as the owner of the land mortgaged.

If he would entitle himself to be treated as the owner of the land, and to notice, and to have the damages awarded to him, perhaps by a formal entry into the land, and notice of his claims, he might be so entitled; and in any event he might probably have his rights protected by proceedings instituted for that purpose in chancery.

The foregoing exceptions are, therefore, overruled, and the case must be remitted to the court of common pleas, with directions to accept the report and establish the highway.