## Petition of the Town of Gilford.

When parties entitled to notice of the meeting of road commissioners, appear before them and make no objection at the time to the sufficiency of the notice, such appearance is a waiver of all right to notice, and of all exception to the regularity of issuing the same.

Where one of the road commissioners did not take the official oath till after the notices were issued, but did take it before the hearing, and the parties appeared, and, without objection, proceeded to the hearing with a full knowledge of the fact; but after an adverse report, excepted and moved that the report be rejected on that account—*Held*, that they must be regarded as having waived the exception by the appearance, and that the motion must be overruled.

Petition for the discontinuance of a highway.

The petition was referred to the road commissioners of the county at the September term of the common pleas, 1851. At that time, it appearing that John Blaisdell, Esq., one of the board of road commissioners, was a resident of Gilford, Samuel G. Berry, Esq., of Barnstead, was appointed by the court to fill the vacancy occasioned by the incapacity of Blaisdell to serve.

The commission to the road commissioners was handed to John H. Stevens, Esq., one of the board, by one of the

selectmen of Gilford, and notices were signed and issued by him as chairman of the board, on the 15th day of October, 1851, for a hearing on the 19th day of November following; and these notices were duly served on all parties interested.

At the time appointed for the hearing, the town and original petitioners and all others interested met the board, and before any proceedings were had upon the hearing, the said Berry was duly sworn to the faithful discharge of his duties as road commissioner in the case. No exception was taken to any of the proceedings, and a somewhat protracted hearing followed.

At the February term of the common pleas, 1852, the commissioners made a report to the court, against the prayer of the petition; and the town moved that the report be rejected—first, because Stevens had no authority to act as chairman and issue the notices; and second, because Berry was not sworn before the notices were issued.

The questions arising upon the motion were reserved and assigned to this court for determination.

*Bell*, for the town. The commissioner appointed did not take the oath till the hearing commenced. The appointment of a time and place is a material matter to be done under an official oath.

The case does not find that the petitioners had notice of the fact that the commissioner had not taken the oath; therefore they cannot be considered as having waived the objection.

*Whipple*, with whom were *Lovell* and *Pierce*, for the original petitioners for the road.

All were present when the oath was taken by Berry. And we claim that the exception was waived by the appearance.

The irregularity relates only to the notices, and the appearance cures all faults as to notice.

Again, two of the commissioners were sworn before issuing of the notices, and that was sufficient.

*Bell*, in reply. Our objection does not go to the want of notice merely, but the appointment of a time and place.

The appointment of time and place was done by one alone of the commissioners, without authority from either of the others.

EASTMAN, J. The objections to the acceptance of this report come from the town, the report being adverse to the discontinuance of the road. Upon the petition to discontinue the road, Blaisdell, one of the commissioners, being a resident of the town, Berry was appointed as a substitute, agreeably to the provisions of the statute. After this appointment, the commission to the board was delivered by one of the selectmen of the town to Stevens, one of the road commissioners, and the notices were issued by him for a hearing on a specified day. The case does not find the fact, but it would not perhaps be presuming too much to suppose that both the time and place were fixed upon by consultation with the selectmen.

At the time appointed for the hearing, the town and all others interested met the board, and before any proceedings were had upon the hearing, Berry was duly sworn to the faithful discharge of his duties, and the hearing proceeded without exception from any quarter.

The oath to Berry was no doubt administered in the presence of all, after they had assembled to proceed with the hearing. Such, we think, is the only legitimate inference from the facts stated. And the town now objects to the acceptance of the report, on the ground that Stevens had no authority to act as chairman and issue the notices, and

also because Berry was not sworn before the notices were issued.

But these objections cannot prevail. The issuing of the notices by Stevens was cured by the appearance. When parties entitled to a notice of the time and place of the meeting of the road commissioners, appear before them and make no objection, at the time, to the notices or their service, such appearance, without objection, is a waiver of all right to notice at all, and consequently of all right to object to the form of the notices or their sufficiency. *Parish* v. *Gilmanton*, 11 N. H. Rep. 293.

This principle carried out, is also an answer to the exception that Berry was not sworn before the notices were issued. The fixing of a time and place for the hearing is undoubtedly a matter of consequence in the proceedings. So also is the fact that the parties be duly notified. But if the parties interested appear, and especially the petitioners, as in this case, and, with a full knowledge of the fact that one of the commissioners has not been sworn before the issuing of the notices, proceed with the hearing, and take no exception whatever to the issuing of the notices or the fixing of a time and place, till after an adverse report is made, they must be held to have waived their right to except on that account.

The *motion to reject the report* must be overruled and the
                                        *Report accepted.*