# CHESHIRE.

## JULY TERM, A. D. 1855.

---

## TOWNS & *a.* *v.* STODDARD & *a.*

It is not a valid objection to a report of road commissioners, laying out a highway, that one of them had not taken the oath of office, at the time of the issuing of the notices of the hearing, provided the party making the objection appeared at the hearing, without objection at the time.

Nor will it furnish a sufficient reason for setting aside such a report, that one of the petitioners was a brother of one of the road commissioners, if that fact shall come to the knowledge of the agent who appears to oppose the laying out of the way, before the close of the hearing, although not until after all the evidence is fully laid before the board.

PETITION for a highway in Stoddard and Sullivan.

Two objections were interposed to the acceptance of the report laying out the highway prayed for, namely :

The first was, because, as was alleged, the commissioners, before they entered upon the discharge of their duties, did not take and subscribe the oath of office. The exact fact shown, upon which the exception rested, was, that one of the commissioners did not take the oath of office before the notice was given of the hearing before them, but did take and subscribe the oath before the hearing was commenced for the laying out of the way.

The second was, because John Q. Jones, one of the petitioners, is a brother of Edmund Jones, one of the commissioners, and who was, for that cause, as was alleged, disqualified to act as a commissioner in this case.

Upon this point, the affidavit of Silas Dinsmore showed that he was a selectman of Stoddard, and that a copy of the petition was served on him, excepting the names of the petitioners; that he appeared at the hearing, on behalf of Stoddard, for the purpose of opposing the prayer of the petition, and that he did not know whose names were upon the petition, as petitioners, until after the committee had examined the route, and all the testimony in the case had been submitted, and that, after that, the original petition, with the names of the petitioners thereon, was shown to him, and that then, for the the first time, it came to his knowledge that the name of John Q. Jones, a brother of said Edmund Jones, was on said petition.

The questions arising upon the foregoing case were ordered to be transferred to this court for decision.

*Wheeler & Faulkner*, for the petitioners.

*Chamberlain* and *Cushing*, for Stoddard and Sullivan.

WOODS, C. J.   It can furnish no valid objection to the report, that one of the road commissioners had not taken the oath of office, at the time of the issuing of the notice of the hearing before them.   The objection taken is substantially an objection to the sufficiency of the notice.   But it cannot prevail.   The parties appeared and attended the hearing, without objection.   That was a complete waiver of all objection, on the ground of defect or insufficiency of the notice.   The only object of a notice was fully accomplished by the appearance.   *Parish* v. *Gilmanton*, 11 N. H. Rep. 293.

Neither does the fact that one of the petitioners was a brother of one of the road commissioners, under the circumstances, furnish sufficient reason for setting aside the report. That fact was known to the agent who appeared to oppose the laying out of the road, in season to afford ample oppor-

tunity to object for that cause, before the commissioners, at the time of the hearing. The omission to make the objection, is a waiver of it in law. It is true, that the evidence had all been laid before the board of road commissioners before the fact of the relationship in question came to the knowledge of the agent. But the hearing was not closed, and there was still opportunity to object. The objection taken upon the return of the report comes too late, and cannot avail the parties making it.

*Judgment on the report.*