## THE STATE v. CLARENCE GORDON.

Decided June 7, 1923.

**Embezzlement—Definition of the Offence—Unincorporated Association not a Partnership.**

On error to the Essex Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff in error, *Fuerstman & Allbach.*

For the state, *John O. Bigelow,* prosecutor of the pleas.

PER CURIAM.

The defendant was convicted upon an indictment charging that, being the bailee, agent and servant of the Modern Ideal Business Club, he embezzled certain funds belonging to the club and with the collection and care of which he had been entrusted. The proof showed that this club was un unincorporated association, of which the defendant was a member, and the purpose of its organization was to accumulate sufficient money to enable it to go into business. Each member paid an initiation fee and weekly dues. The association elected a president, a secretary and a treasurer, each of whom functioned in that capacity. The defendant was elected the treasurer, and received and receipted for the initiation fees and the weekly dues. These facts are undisputed. The proof was convincing that the fees thus received by the defendant were wrongfully appropriated by him to his own use, but it is argued before us that such wrongful appropriation was not an embezzlement, within the meaning of the statute, for the reason that this association was a partnership of which he was one of the members; and it is contended that

there can be no such thing as an embezzlement by a partner of funds received by him as a member of the firm, even though he wrongfully appropriated them, and that consequently the conviction must be set aside.

We do not think that the contention that this association was a mere partnership is justified by the facts. It is an unincorporated association with officers duly selected and charged with the performance of specified duties. But the character of the association, it seems to us, is immaterial. Section 184 of our Crimes act declares that "any agent entrusted with the collection or care of any moneys who shall fraudulently take or convert the same to his own use, shall be guilty of a misdemeanor." That the defendant was an agent of the association, entrusted with the collection and care of moneys belonging to the association, cannot be doubted. They were paid to and received by him, not because he was a member of the association, but because he was its duly-elected officer. Having received these funds as the association's agent, he came within the condemnation of the statute when he fraudulently converted them to his own use.

We conclude therefore that the conviction cannot be set aside upon this ground.

The only other ground for reversal that has been argued before us is directed to that part of the charge to the jury dealing with the question of the lack of corroboration of the defendant's testimony while on the witness-stand. We have examined the instruction and find no legal error in it.

The conviction will be affirmed.