THE FIRST NATIONAL BANK OF UNIONTOWN *v.* STAUFFER.

(*Circuit Court, W. D. Pennsylvania.* February 13, 1880.)

NATIONAL BANK—USURY—REV. ST. § 5198.—The receipt by a national bank of an usurious rate of interest upon the discount of a note works a forfeiture of such interest as would otherwise have accrued after the maturity of the note.

Motion for a new trial in an action upon a promissory note against an accomodation indorser.

*J. M. Stoner*, for plaintiff.

*T. C. Lazear*, for defendant.

McKENNAN, J. This case was tried before the late Judge Ketcham, and, under his instructions, a verdict was rendered in favor of the plaintiff for the amount of the note in suit, with interest from its maturity to the date of the verdict. A motion for a new trial was made by the defendant, for the

reason that, under the circumstances, no interest was recoverable upon the note, and that it was error in the judge to instruct the jury otherwise.

It is admitted that more than the legal rate of interest was charged and received by the plaintiff for the period which elapsed between the date and maturity of the note, and the question is whether this subjects the plaintiff to a forfeiture of the interest which accrued afterwards.

The National Currency Act furnishes a clear answer to this question. After fixing the rate of interest to be taken by national banks at that allowed by the local law, the thirtieth section of that act (Rev. St. § 5198) enacts: "And the knowingly taking, receiving, reserving or charging a rate of interest greater than aforesaid shall be held and adjudged to be a forfeiture of the *entire* interest which the note, bill or other evidence of debt *carries with it*, or which has been agreed to be paid thereon;" and it is further provided that, where excessive interest has been paid, *twice* the amount may be recovered by an action commenced within two years.

The *"entire"* interest which the note "carries with it" is forfeited; and, if this means *all* the interest which accrues upon it, as I think it clearly does, it is difficult to understand how any part of it is recoverable. By the operation of the act an usurious contract is inherently vicious, so that it cannot "carry" any interest "with it;" hence it would inadequately effectuate the intent of the act to hold that such a contract is purged of its taint and is invested with a capacity denied to it before by the failure of the debtor to pay the debt, evidenced by it at maturity.

This view of the effect of the act of congress is not inconsistent with the opinion of the court in *Barnet* v. *The Nat. Bank*, 8 Otto, 555, as was urged in the argument, but is in entire harmony with it. There it was sought to set off usurious interest paid upon a series of renewed bills, and also twice the amount of such interest, and it was held that the only remedy of the debtor was a penal action, as provided by the last clause of section 30. In expounding this section the

court say: "Two categories are thus defined, and the consequences denounced:

"1. Where illegal interest has been knowingly stipulated for, but not paid, then only the sum lent, without interest, can be recovered.

"2. Where such illegal interest has been paid, then twice the amount so paid can be recovered, in a penal action of debt or suit in the nature of such action against the offending bank. * * * * *"

It is thus declared that the effect of a mere stipulation for illegal interest by a national bank is to deprive it of the right to recover more than "the sum lent, without interest;" but surely the "receiving" of illegal interest in furtherance of a stipulation to that effect cannot place the bank upon any better footing. It will undoubtedly preclude the recovery, by the debtor, of the penalty for an usurious payment, by way of set-off against his debt, but it cannot invest the creditor with a right to recover what the law declares he shall forfeit by reason of his unlawful agreement.

In this case it was agreed that usurious interest should be paid, and was paid, to the plaintiff, and the jury should have been instructed that this worked a forfeiture of all the interest upon the note, and that the plaintiff was entitled to recover only its face amount. A new trial will, therefore, be ordered, unless the plaintiff, within ten days, shall remit the excess of the amount found by the jury on the principal of the debt. Upon the entry of such remitter judgment will be entered on the verdict for the amount so rendered.