No. 10,206.

ROBBINS *v.* NELSEN.

Decided December 5, 1921.

Action for cancellation of deed and to compel reconveyance of real property. Judgment for plaintiff.

*Reversed.*

*On Application for Supersedeas.*

1. FRAUD—*Misrepresentations.* To constitute fraud, it is incumbent upon the complaining party to show that the alleged false representations were made either with the knowledge of their falsity, or with reckless ignorance as to their truth or falsity, and with intent to deceive.

2. REAL PROPERTY—*Cancellation of Deed—Proof.* To warrant the cancellation of a duly executed deed, the proof of the facts upon which it is sought to be avoided must be clear and convincing; not proved to a certainty, but the facts must be established beyond a reasonable doubt.

*Error to the District Court of Weld County, Hon. Henry J. Hersey, Judge.*

Messrs. McCONLEY & McCONLEY, for plaintiff in error.

Mr. W. MABRY KING, for defendant in error.

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is a suit in equity to cancel a deed and to compel a reconveyance of certain real estate. A decree as prayed for in the complaint was rendered in favor of plaintiff. The defendant brings the cause here for review, and applies for a supersedeas.

On February 14, 1921, the plaintiff and defendant entered into a written contract whereby plaintiff agreed to convey to defendant a tract of land in Weld County, Colorado, and defendant agreed to transfer to plaintiff certain town lots, upon which there was a garage building with the usual equipment, located in Greeley Center, Greeley County, Nebraska. About three weeks thereafter, in accordance with the contract, deeds to the respective properties were exchanged between the parties. The plaintiff also, in compliance with a further provision of the contract, delivered to defendant a promissory note for the sum of $2,150.

In this suit the plaintiff, Gladys J. Nelsen, seeks a cancellation of her deed, and a decree compelling the defendant, Frank S. Robbins, to reconvey to her the Weld County land. The relief sought is predicated upon alleged fraud of the defendant. In this connection, the complaint alleges that to induce the plaintiff to make the agreement of exchange, the defendant falsely and fraudulently represented that the mortgage on the Nebraska property "had been reduced by monthly payments to a sum not to exceed $2100." This is the only representation alleged which, the record shows, can be made the basis of a charge of fraud.

It will be assumed that the representation, if made, was material and that the plaintiff relied thereon, although upon the question of materiality we do not deem the evidence in favor of plaintiff to be highly convincing. The consideration which plaintiff thought she was receiving must have exceeded $4,250 in value, since the Nebraska property was known to be incumbered to the extent of about $2,100, and she gave her note for $2,150. Plaintiff's exhibit "C" shows the incumbrance to be $2,451.43, which is only $351.43 more than the $2,100 which, it is alleged,

defendant represented it to be. It conclusively appears that defendant truthfully represented that the original amount of the mortgage was $2,500, and that it was held by The Nebraska Building & Loan Company. The written contract between the parties did not refer to the indebtedness as being in the sum of $2,100, but it is described as being "in the original amount of $2500 and payable $35 monthly."

We will assume, also, that the representation was made, as charged. The evidence as to this too is not strong. The defendant did not deal directly with plaintiff, but with her husband, James C. Nelsen. The latter, as a witness for plaintiff, testified that the defendant in referring to the mortgage said that "the balance was around $2,000 and $2,100."

It was incumbent upon the plaintiff to show that the alleged false statement was made either with knowledge of its falsity or with reckless ignorance as to its truth or falsity, and that it was made with intent to deceive. 39 Cyc. 1260, 1261.

The defendant did not claim to have personal knowledge of the amount due under the mortgage. Plaintiff's husband, who was her agent in these transactions with defendant and who was her principal witness, testified that the defendant said "that he had a lawyer there in Greeley Center, Nebraska, that was taking care of the payments on the loan." The evidence shows that this representation of the defendant was true, and there is no evidence to the contrary. The defendant was and for some time had been absent from the state of Nebraska. On November 30, 1920, he received a letter from his attorney wherein the latter stated that the tenant of the garage was behind $15 or $20 in the payment of rent, and that the rent enables the attorney to "pay the loan each month." This is evidence that the defendant believed the mortgage was being reduced to the amount as represented by him. On the other hand there is no evidence to overcome this.

We find no evidence of fraudulent intent on the part of

the defendant. His conduct generally, as shown by the evidence, tends rather to show good faith than to prove fraudulent intent. In the contract he agreed to deliver certain personal property with the garage. Some of the articles could not be delivered, and the defendant gave plaintiff a credit of $30 on her note. At the same time with the consent of plaintiff, defendant credited her with the sum of $138, being the taxes on the Nebraska property for the years 1919 and 1920. All this was done after the deeds were exchanged. At the beginning of the trial the defendant deposited in court for the use of the plaintiff the sum of $102.10 as taxes for the years 1918 and 1917. Taxes for the years 1917, 1918, and 1919 had been advanced by the Nebraska mortgagee, and the sum thereof contributed toward the sum of $2,451.43. These taxes, amounted to $172.95, and were repaid by defendant. Deducting that amount from $2,451.43, leaves $2278.48, which is only $178.48 more than the amount of the indebtedness which plaintiff claims that defendant represented. Had plaintiff sued for damages for fraud and deceit, and recovered, the judgment would have been, probably, for some such small amount. The measure of damages would be the difference between the actual amount of the incumbrance and the amount represented by the vendor. 27 R. C. L. 385, sec. 87.

Here the plaintiff is not suing for damages, but seeks the drastic remedy of rescission of an executed contract of exchange of real properties. The situation suggests the propriety of the rule stated in *Mathews v. Mathews,* 69 Colo. 333, 336, 194 Pac. 358, where this court said:

"The object of plaintiff in his suit was to set aside duly and formally executed instruments conveying title to real estate, and to also nullify other transactions concerning the purchase, sale and transfer of personal property, on the ground of fraud. The burden of proof to show the alleged fraud was of course upon him; to establish such fact, so as to have the deeds and sale transfers set aside and a trust declared, the evidence must be of greater strength

and probative force than in ordinary civil cases; indeed, the evidence to warrant such relief under such circumstances must be direct, strong and highly convincing. *Tourtelotte v. Brown,* 4 Colo. App. 377, 36 Pac. 73. It must be clear, precise and indubitable. *D. & R. G. R. R. Co. v. Sullivan,* 21 Colo. 302, 41 Pac. 501."

In *Martinez v. Martinez,* 57 Colo. 292, 298, 141 Pac. 469, it is said:

"It is well settled that courts should be very guarded in setting aside duly executed instruments, by requiring clear and convincing proof of the facts upon which they are sought to be avoided. This does not mean proof to a certainty, but a mere preponderance of the evidence is not sufficient. The facts must be established beyond a reasonable doubt. *Wilson v. Morris,* 4 Colo. App. 242, 36 Pac. 248."

With reference to the plaintiff's evidence in the instant case, we are of the opinion that it did not come up to the standard and requirement of being made out beyond a reasonable doubt, and must sustain the contention of the defendant that the decree is contrary to the evidence, and that there is no sufficient evidence of defendant's alleged intent to deceive.

The judgment is reversed with directions to dismiss the suit.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.