## No. 15,461.

ROBERTS *v.* ROBERTS ET AL.
(155 P. [2d] 155)

Decided January 2, 1945.

Mr. WALDO RIFFENBURG, Mr. HORACE N. HAWKINS, Mr. HORACE N. HAWKINS, JR., for plaintiff in error.

Mr. FANCHER SARCHET, for defendants in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

Plaintiff in error here, James E. Roberts, was plaintiff in the trial court, and defendants in error, George F. Roberts and Ernest W. Roberts, doing business under the firm name and style of the Roberts Brothers Cattle Company, were defendants in an action begun in the district court for a partnership accounting and specific performance. James Evan Roberts, plaintiff in error, was the plaintiff, and Ernest W. Roberts was the defendant in a suit begun in the district court for the cancellation of a certain deed. The two cases were consolidated for trial and were brought to this court on a consolidated record. We deem it advisable to announce separate opinions in these cases and shall now determine the accounting and specific performance suit.

The complaint alleged a partnership entered into between the plaintiff and defendants on December 26, 1930; demand for an accounting and its refusal; sought the execution of a deed to certain lands; and prayed for an order of the court requiring defendants to account and to convey to plaintiff an undivided one-fourth interest in approximately thirty sections of land owned by defendants as tenants in common. George F. Roberts did not enter any appearance. The answer of Ernest W. Roberts admitted the execution of the document hereinafter set forth, but denied that a partnership was ever entered into or consummated. Admitted that no ac-

counting had been made and denied any interest in plaintiff in the partnership business. For a second and third answer, respectively, defendant Ernest W. Roberts plead laches and the statute of limitations.

The evidence was that Ernest W. Roberts is the uncle and George F. Roberts is the father of plaintiff. Ernest W. Roberts and George F. Roberts had long been co-partners carrying on a large cattle and ranch business in Larimer county, Colorado, under the firm name and style of the Roberts Brothers Cattle Company, and the families of both defendants resided on the cattle ranch. Ernest W. Roberts was childless, and the plaintiff was the only child of George F. Roberts.

In the fall of 1930 plaintiff was a student at the Colorado Agricultural College in Fort Collins. On December 26, 1930, the following document was executed:

"Whereas, George F. Roberts and Ernest W. Roberts have for a long period of years conducted in the County of Larimer and State of Colorado a general ranch and cattle business, under the firm name and style of The Roberts Brothers Cattle Company, and

"Whereas, James E. Roberts, of the county of Larimer and State of Colorado has purchased a one fourth interest in said company, now therefore, this agreement drawn in triplicate this twenty sixth day of December, A. D. 1930, entered into by and between the said George F. Roberts and Ernest W. Roberts of the first part and James E. Roberts of the second part,

"Witnesseth, That said first parties for and in consideration of the sum of one thousand (1,000) dollars to them in hand paid by the said James E. Roberts, the receipt whereof is hereby acknowledged, do hereby sell and convey unto him, the said James E. Roberts, an entire one fourth interest in and of the said The Roberts Brothers Cattle Company. That is to say, each of said first parties, George F. Roberts and Ernest W. Roberts does hereby convey to the said James E. Roberts an entire one eighth interest in said business.

"It is especially understood and agreed by and between the parties hereto that from and after the date hereof the said James E. Roberts shall be liable for one fourth of all expenses and losses hereafter incurred in conducting said business, and shall be entitled to claim, use and enjoy one entire fourth of the net profits arising from said business.

"It is further agreed that the said business shall continue to be conducted under the firm name and style of the Roberts Brothers Cattle Company.

"Witness our hands this 26th day of December, A.D. 1930.

"The Roberts Brothers Cattle Company
Geo. F. Roberts
Ernest W. Roberts
J. Evan Roberts"

Subsequent to December 26, 1930, plaintiff discontinued his studies at the Colorado Agricultural College and remained at home on the cattle ranch continuously thereafter until he entered the armed forces of the United States. His activity in connection with the cattle and ranching business is a disputed fact, but one which we consider more or less immaterial.

Plaintiff became interested in alabaster products, first as a hobby and thereafter as a business proposition, mining the alabaster on lands owned by the defendants as tenants in common. During the first three or four years after December 26, 1930, plaintiff received sums of money from the Roberts Brothers Cattle Company through Ernest W. Roberts, who kept all the books and records thereof. The exact amount paid plaintiff during these three or four years was undisclosed. The amicable and brotherly relationship between Ernest W. Roberts, and his brother, George F. Roberts, for a period of half a century became strained, for reasons unexplained. So far as the evidence discloses, the plaintiff did all that was requested or required of him in connection with the ranch and cattle business.

The evidence discloses that George F. Roberts admitted the existence of the partnership from and after December 26, 1930, until the date of the trial.

Continuously for the years 1930 to 1941, inclusive, Ernest W. Roberts filed the "Partnership Return of Income" required by the federal government. In each of these returns he computed the net income of the partnership, which was reported under the name of Roberts Bros. & Son. In these reports he swore to the fact that plaintiff was one of the partners and entitled to a two-eighths interest in the partnership business. The returns for the years 1930 to 1941, inclusive, so made by defendant Ernest W. Roberts during that period, show plaintiff was entitled to have participated in partnership profits in a sum equal to $13,428.97.

The trial court found in favor of defendants and against plaintiff and entered its judgment of dismissal at plaintiff's cost.

The specification of points upon which plaintiff relies for a reversal may thus be summarized: The court erred in holding that no partnership existed.

■ If a partnership existed by virtue of the agreement of December 26, 1930, plaintiff is clearly entitled to an accounting ('35 C.S.A., vol. 4, c. 123, §22); consequently it is necessary for us to carefully scrutinize and analyze this agreement to determine whether or not it does in fact establish a partnership relation between the parties.

"Chancellor Kent defined partnership to be 'a contract of two or more competent persons to place their money, effects, labor and skill or some or all of them in lawful commerce or business and to divide the profit and bear the loss in certain proportions.' 3 Kent's Com. 23. Many other definitions have been given, but all amount to about the same thing." *Omaha & Grant S. & R. Co. v. Rucker,* 6 Colo. App. 334, 337, 40 Pac. 853.

"A partnership is an association of two or more per-

sons to carry on, as co-owners, a business for profit." '35 C.S.A., vol. 4, c. 123, §6.

■ "A partnership is a contract, express or implied, between two or more competent persons, to place their money, effects, labor and skill, or some or all of them, in business, and to divide the profits and bear the losses in certain proportions. * * *" *Kent v. Cobb,* 24 Colo. App. 264, 268, 133 Pac. 424.

■ The agreement entered into between the plaintiff and defendants clearly embodies every element necessary for the formation and creation of a partnership, and when it was executed by the parties nothing further remained to be done to legally bring about a partnership relation. This relation would continue until it was dissolved either by mutual agreement or by action of the parties or decree of court. '35 C.S.A., vol. 4, c. 123, §31.

Having determined that the agreement of December 26, 1930, between plaintiff and defendants created a partnership, that it continued during 1941 is clearly established by the fact that Ernest W. Roberts, who now denies the existence of the partnership, swore to a "Partnership Return of Income" for the year 1941. In the 1941 return Ernest W. Roberts stated, under oath, that the plaintiff was a partner and entitled to one-fourth of the profits of the business during the year 1941, and this sworn statement, under the circumstances, should estop defendant Ernest W. Roberts from now taking any other position. His tergiversations are unexplained.

The partnership agreement was certainly in force and effect at the time of the filing of the 1941 "Partnership Return of Income," and, consequently, the defenses of laches and the statute of limitations are not available to defendants.

Having determined that a partnership existed between plaintiff and defendants, the right to an accounting under the circumstances necessarily follows. '35 C.S.A., vol. 4, c. 123, §22.

The record discloses that the defendants were the owners as tenants in common of a large acreage in Larimer county, Colorado, and on October 1, 1930, had executed deeds to all this acreage to the plaintiff. It necessarily follows that when the agreement was entered into on December 26, 1930, neither of the defendants was the owner of any of the acreage used by the Roberts Brothers Cattle Company in connection with their partnership business. The plaintiff was not entitled, therefore, under the agreement of December 26, 1930, to have decreed to him an undivided two-eighths interest in this acreage.

In dismissing plaintiff's complaint, and entering judgment for defendants, the trial court erred.

The judgment of the district court is accordingly reversed with instructions to proceed with a partnership accounting between plaintiff and defendants from and including 1930 to and including April 16, 1942, the date of the filing of the complaint herein, and to enter judgment in accordance therewith.

MR. JUSTICE BAKKE dissenting in part: I dissent to any accounting in favor of plaintiff after he testified in 1938 that he was bankrupt.