No. 15,461.

ROBERTS *v*. ROBERTS.

(158 P. [2d] 184)

Decided April 9, 1945.

Mr. WALDO RIFFENBURG, Mr. HORACE N. HAWKINS, Mr. HORACE N. HAWKINS, JR., for plaintiff in error.

Mr. FANCHER SARCHET, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

JAMES EVAN ROBERTS, plaintiff in error, was plaintiff

in an action brought by him on April 16, 1942, against Ernest W. Roberts, defendant in error, to cancel a deed to a large tract of land in Larimer county, Colorado. The parties hereto will be designated as plaintiff and defendant as those positions were occupied by them in the trial court.

This action for the cancellation of a deed, together with an action for an accounting, were consolidated for trial and brought to this court on a consolidated record. The accounting action has heretofore been decided. *Roberts v. Roberts*, 113 Colo. 128, 155 P. (2d) 155. Upon trial of the cancellation action before the court without the intervention of a jury, judgment was entered in favor of defendant, to review the adverse judgment plaintiff sued out this writ of error.

The complaint alleged that on October 1, 1930, Ernest W. Roberts, defendant herein, together with his brother, George F. Roberts, the father of plaintiff, transferred and conveyed by warranty deed certain real estate in Larimer county, Colorado, to plaintiff; "That the defendant on or about the 27th day of August, A. D. 1938 for the purpose of defrauding the plaintiff, promised and agreed with plaintiff that if the plaintiff would reconvey the above described real property unto the defendant that the defendant would in due time reconvey said real property unto the plaintiff; that relying on said promise the plaintiff conveyed said real estate unto the defendant by his deed dated the 16th day of May, A. D. 1938, * * *." The complaint further alleged that demand had been made by plaintiff upon defendant for a reconveyance, and the failure of defendant so to do.

The answer admitted the conveyance from defendant to plaintiff on October 1, 1930; admitted the reconveyance from plaintiff to defendant by deed dated May 16, 1938, and admitted the refusal to reconvey the property to plaintiff.

Defendant, for a second answer and defense, alleged that on October 1, 1930, he and his brother, George F.

Roberts, were the owners as tenants in common of a large tract of land in Larimer county, Colorado, and on said day defendant and George F. Roberts executed separate deeds to undivided one-half interests in said tract to plaintiff reserving life interests in themselves; that the deeds were made with the understanding that they were not to be recorded until the death of the grantors, notwithstanding which plaintiff, by means unknown to defendant, secured possession of the deed from defendant to plaintiff and recorded the same on November 5, 1930. There was no consideration except love and affection for the deed from defendant to plaintiff, and the deed from defendant to plaintiff was never delivered. Defendant frequently requested plaintiff to reconvey the property to him, and on May 16, 1938, plaintiff complied with his request and executed, acknowledged and delivered a deed conveying not only the interest acquired by plaintiff from defendant, but likewise the interest acquired by plaintiff from his father. For a third and further defense, defendant plead laches. For a fourth defense, defendant plead the statute of limitations.

Although it is doubtful, we shall assume that the complaint stated a cause of action in fraud. The consolidated record makes it difficult for us to segregate the evidence applicable to the cancellation action from that applicable to the accounting action, and we take this occasion to disapprove the consolidation of cases, thus entailing upon us the duty of determining from the record what evidence is applicable to the separate actions.

The evidence in this case is rather voluminous, and the witnesses are in irreconcilable difference as to the facts surrounding the execution of the deeds on October 1, 1930, as well as the occasion for the deed from plaintiff to defendant executed and acknowledged on May 16, 1938, and recorded on October 6, 1938. It would serve no useful purpose to detail all this evidence.

Suffice it to say that on May 6, 1938, plaintiff was in matrimonial difficulties, and an action for divorce was then, or shortly thereafter, begun. The plaintiff testified that he made, executed and acknowledged the deed on May 16, 1938, at the insistence of the defendant, in order that the property might not become involved in plaintiff's matrimonial difficulties, while the defendant testified that the deed was executed because of his insistence that it had never been delivered and defendant had improperly acquired possession thereof and recorded it in violation of his rights, and admitted that plaintiff's matrimonial difficulties were the occasion of his insistence that the deed be executed and delivered at the particular time that it was done. It is significant that in a hearing in the divorce action involving alimony and support for plaintiff's wife and minor child, plaintiff testified that he was bankrupt, which was obviously untrue if the agreement with defendant respecting the reconveyance of the lands was as alleged. If plaintiff's allegations are true, taken in connection with his testimony in the divorce action, it would establish a conspiracy between plaintiff and defendant to defraud plaintiff's wife of alimony and support money, and, under these circumstances, plaintiff is in no position to seek equitable relief. *Branham v. Stallings,* 21 Colo. 211, 40 Pac. 396; *Baker v. Couch,* 74 Colo. 380, 221 Pac. 1089; *Italian-American Bank v. Lepore,* 79 Colo. 466, 246 Pac. 792.

█ It is well-settled law in this jurisdiction that whenever one undertakes to cancel an instrument which he has executed and delivered he assumes a task of great difficulty. The only way that he can discharge the burden of proof which is cast upon him under these circumstances is by the production of the most definite, clearest and most indubitable evidence. He must prove beyond a reasonable doubt his right to have a decree cancelling a deed. *Wilson v. Morris,* 4 Colo. App. 242, 36 Pac. 248; *Martinez v. Martinez,* 57 Colo. 292, 141 Pac.

469; *Robbins v. Nelsen,* 70 Colo. 504, 202 Pac. 707; *Berlin v. Wait,* 71 Colo. 533, 208 Pac. 482; *Hooper v. Insurance Co.,* 92 Colo. 376, 20 P. (2d) 1011. The decisions in Colorado and the rule therein announced seem to be in perfect harmony with the decisions elsewhere. 9 Am. Jur., p. 401, §63; 12 C.J.S., p. 1060, §71; 3 Pomeroy's Equity Jurisprudence (5th ed.) pp. 352, et seq., §§859, 859a.

The trial court, which had the opportunity of hearing and seeing the witnesses as they testified, must have determined that the plaintiff failed in producing that degree of proof necessary to justify a court of equity in cancelling the deed in question, and a careful reading of the entire record justifies our concurrence in the trial court's conclusion.

Judgment affirmed.

MR. JUSTICE STONE did not participate.