## No. 15,896.

### ROBERTS v. ROBERTS ET AL.
(198 P. [2d] 453)

Decided September 7, 1948.   Rehearing denied October 11, 1948.

Mr. WALDO RIFFENBURGH, Messrs. HUGHES & DORSEY, Mr. E. G. KNOWLES, for plaintiff in error.

Mr. FANCHER SARCHET, for defendant in error Ernest W. Roberts.

Mr. GEORGE F. ROBERTS, pro se.

*En Banc.*

MR. JUSTICE HAYS delivered the opinion of the court.

GEORGE F. ROBERTS and Ernest W. Roberts, partners in a general ranch and cattle business and doing business under the name of Roberts Brothers Cattle Company, on December 26, 1930, entered into a written agreement with James E. Roberts by virtue of which the latter became a partner in said business to the extent of one-fourth interest.

Since said date controversies between the partners have arisen, two of which were considered by us in *Roberts v. Roberts,* 113 Colo. 128, 155 P. (2d) 155, and *Roberts v. Roberts,* 113 Colo. 425, 158 P. (2d) 184. The opinions in those cases should be read in connection with the present one. The partnership contract in question is set out in full in the first above-mentioned case, and, except for a brief excerpt therefrom hereinafter set forth, need not be repeated.

This action was brought by Ernest for dissolution of the partnership and for an accounting. The court entered a decree dissolving the partnership, awarded to James a one-fourth interest in the profits from the operation of said business, and further ordered, "That the said James E. Roberts is not the owner of and is not entitled to any distribution of the capital assets or the corpus of said copartnership."

The above is the only part of the decree to which plaintiff in error takes exception.

It is provided in the contract, after the statement that James "has purchased a one-fourth interest in and of the said The Roberts Brothers Cattle Company" for $1000.00, that the original partners "do hereby sell and convey unto him, the said James E. Roberts, an *entire one-fourth interest* in and of the said Roberts Brothers Cattle *Company.*"

It is well to note in passing that the word "company," as used above, is synonymous with the term "partnership." *People v. Strauss,* 97 Ill. App. 47, 55.

The sole question here presented for determination relates to the extent of the interest in the partnership acquired by James under said agreement. In other words, is James, in addition to his right to participate in the profits of the partnership, also, upon dissolution of the partnership, entitled to one-fourth of the assets of the company?

The general rule with respect to the interest acquired by a partner in the personal property of partnerships is well stated in 40 American Jurisprudence, page 202, section 107, as follows: "The personal property of a partnership is owned not by the partners individually, but by the partnership. By the contract of partnership, the partners acquire a joint interest in the personal effects of the partnership. Each partner is possessed per my et per tout, that is, the interest of each member of a partnership extends to every portion of its property, and is a joint interest in the whole and not a separate

interest in any particular part. This is true both of property contributed by each partner as well as that included in his own contribution."

▪ ■ It likewise is uniformly held that all contributions of personal property to a company become partnership property in the absence of specific agreement to the contrary. 40 Am. Jur. 203, §108; 47 C.J., p. 751, §177.

■ If it was the intention of the original partners to retain in themselves title to personal property theretofore held by the partnership, and that no interest therein was to pass to James, it was their duty, in view of the above well-recognized rules, to have inserted in the contract a suitable reservation to such effect. There is nothing in the agreement from which such an intention can reasonably be inferred. The contract clearly indicates a contrary purpose. Any doubt as to the intention of the parties, or the extent of the interest conveyed to James under said agreement, is dispelled by the use of the word "entire" preceding the phrase "one-fourth interest in and of the said The Roberts Brothers Cattle Company." The word "entire" precludes all idea of divisibility (*Bradford & Carson v. Montgomery Furniture Co.*, 115 Tenn. 610, 92 S.W. 1104, 1109, 9 L.R.A. [N.S.] 979), and means all or whole; *Guthrie v. Wheeler*, 51 Conn. 207, 213; *First Nat. Bank v. Stauffer*, 1 Fed. 187, 188. The word "entire" is synonymous with entirety or whole and means, including any and all parts or severalties; containing all constituent or integral parts or elements; having nothing taken away. *People v. Tahawus Purchase*, 26 N.Y.S. (2d) 795, 813.

■ ■ The statement in the first part of the contract with respect to conveying an entire one-fourth interest in the partnership to James, was in no manner modified or changed by the succeeding paragraph in which it is stated that, "It is *especially* understood and agreed" that the new partner "shall be liable for one-fourth of all expenses and losses hereafter incurred in conducting said business, and shall be entitled to claim, use and

enjoy an entire one-fourth of the net profits arising from the said business." This paragraph constitutes mere surplusage, since a partner, in the absence of an agreement to the contrary, has always at common law, and now by statute, been entitled to his share of the profits and is liable for a proportionate share of the losses. The word "especially," like the word "expressly," in its primary meaning denotes precision of statement, as opposed to ambiguity, implication or inference, and is equivalent to, "in an express manner," or, "in direct terms," and is tantamount to "expressly" or "particularly." *Magone v. Heller*, 150 U.S. 70, 14 Sup. Ct., 18, 19, 37 L. Ed. 1001.

We therefore conclude that plaintiff in error is entitled to receive upon the dissolution of the partnership, one-fourth of the assets of the company together with a like share of the profits thereof.

The judgment of the trial court, insofar as it denies plaintiff in error the right to receive distribution of a one-fourth interest of the capital assets or corpus of the partnership, is reversed and the cause remanded for further proceedings in harmony herewith.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE ALTER dissent.

MR. JUSTICE HILLIARD and MR. JUSTICE STONE not participating.