HARVEY A. BYNUM, APPELLANT, *v.* SANDS, INC., RESPONDENT.

No. 3761

December 18, 1953.                    264 P.2d 846.

*Dotson and Earl, R. Dale Cook,* and *George E. Marshall,* of Las Vegas, for Appellant.

*Harry E. Claiborne,* of Las Vegas, for Respondent.

## OPINION

By the Court, EATHER, C.J.:

This is an appeal from the judgment of the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark, based upon undisputed facts and the construction of a written instrument in an action brought by the appellant, Harvey A. Bynum, to recover possession of an undivided one-fifth interest in and to certain lands located in Clark County, Nevada, occupied by respondent, and for rents and profits received by the respondent from the use and occupancy of said premises. The trial court's judgment denied all relief asked by plaintiff.

The facts are substantially these: On the 21st day of November, 1945, a copartnership consisting of George W. Frisby and Dave Anderson leased certain lands located in Clark County, Nevada, for a term of ten

years. On April 1, 1946, the said Frisby and Anderson, copartners doing business under the name of "Club Kit Carson," entered into the following agreement with appellant, Harvey A. Bynum:

### "AGREEMENT

"THIS AGREEMENT made and entered into as of the 1st day of April, 1946, by and between George W. Frisby and Davie Anderson, co-partners doing business under the name of 'Club Kit Carson,' Parties of the First Part, and Harvey A. Bynum, Party of the Second Part,

### "WITNESSETH:

"Recitals:

"The parties of the First Part have a lease dated November ........ 1945, from Nate Mack and wife, and James S. Fulcher and wife, covering on a portion of the Northwest Quarter of Section 16, Township 21, S., Range 61 E., M.D.B. and M., in the County of Clark, State of Nevada, upon which leased parcel of land they have constructed a club building consisting of bar room, casino and dining hall, known as 'Club Kit Carson.'

"The Party of the Second Part has rendered services to the Parties of the First Part and is to be compensated therefor.

"The Parties of the First Part have contributed to their co-partnership as capital therefor, the sum of Sixty-two Thousand Five Hundred ($62,500.00) Dollars.

"The Parties of the First Part desire to assign to the Party of the Second Part a twenty percent (20%) interest in said co-partnership, upon the terms and conditions hereinafter stated, to-wit:

"Now, THEREFORE, IT IS AGREED BETWEEN THE PARTIES HERETO, as follows:

"1. The Parties of the First Part do hereby sell, assign, transfer and set over to the Party of the Second Part, a twenty percent (20%) interest of, in and to that certain co-partnership existing between the Parties of

the First Part and known as and called 'Club Kit Carson.'

"2. It is understood and agreed between the parties hereto that the party of the Second Part is not a partner with the Parties of the First Part in said 'Club Kit Carson', nor shall said Second Party be permitted to interfere in the management or administration of the partnership business and affairs or to acquire any information or account of partnership transactions, or to inspect the partnership books, but shall be entitled to receive, in accordance with this contract, twenty percent (20%) of the profits to which the Parties of the First Part would otherwise be entitled, and in case of a dissolution of said partnership, the Party of the Second Part shall be entitled to receive from the Parties of the First Part said twenty percent (20%) interest, and may require an account from the date of the last account agreed to between the Parties of the First Part.

"3. It is understood and agreed that before there shall be any division of profits between the Parties of the First Part and the Party of the Second Part, the said Parties of the First Part shall be entitled to deduct and retain the said sum of $62,500.00 so advanced by them as aforesaid, and said sum shall be considered as a loan from the said First Parties to the partnership, but that after said First Parties shall have received from said partnership said sum of $62,500.00, then all profits from the partnership shall be divided, twenty percent (20%) to the Party of the Second Part, and eighty percent (80%) to the Parties of the First Part.

"4. The Parties of the First Part have this day paid to the Party of the Second Part the sum of Two Thousand Dollars ($2,000.00), which shall be considered as an advance on said share of the profits, and the Parties of the First Part shall in any settlement hereafter made with said Second Party, be entitled to a credit of $2,000.00.

"5. It is understood and agreed that all other agreements between the parties hereto are terminated and cancelled as of the date of this agreement.

"IN WITNESS WHEREOF, the parties hereto have here-unto set their hands as of the day and year first above written.

> "DAVE ANDERSON
> "GEORGE W. FRISBY
> "Parties of the First Part.
> "HARVEY A. BYNUM
> "Party of the Second Part."

In November, 1949, the copartnership was terminated and dissolved by a written agreement under the terms of which Anderson, for and in consideration of the sum of $10,000, sold all of his interest in and to the assets and property of said partnership unto Frisby, the said Frisby assuming all the outstanding liabilities and obligations of the said partnership.

On the 12th day of August, 1950, Frisby and his wife leased said property to respondent for a period of five years and three months.

Appellant strongly urges that the instrument in writing here under consideration was misconstrued by the lower court. He contends here, as he did in the lower court, that by the terms of the agreement he became vested with an undivided 20 percent interest in the leasehold held by the partnership, and that since he has never released or conveyed such interest, he is a tenant in common with respondent here in the leasehold heretofore assigned by Frisby, one of the cotenants.

Such is not the effect of the agreement under the provisions of the Uniform Partnership Act, secs. 5028, et seq., N.C.L. Supp. 1931–1941.

As to the property rights of a partner, sec. 5028.23 provides: "The property rights of a partner are (1) his rights in specific partnership property, (2) his interest in the partnership, and (3) his right to participate in the management."

It is to be noted that the assignment to appellant was of an interest in the partnership, the second property

right specified by the quoted section. Sec. 5028.25 defines this right as follows:

"A partner's interest in the partnership is his share of the profits and surplus, and the same is personal property."

With reference to an assignment of this right, sec. 5028.26 provides:

"(1) A conveyance by a partner of his interest in the partnership does not of itself dissolve the partnership, nor, as against the other partners in the absence of an agreement, entitle the assignee, during the continuance of the partnership, to interfere in the management or administration of the partnership business or affairs, or to require any information or account of partnership transactions, or to inspect the partnership books; but it merely entitles the assignee to receive in accordance with his contract the profits to which the assigning partner would otherwise be entitled. (2) In case of a dissolution of the partnership, the assignee is entitled to receive his assignor's interest and may require an account from the date only of the last account agreed to by all the partners."

The similarity in phraseology between this last quoted section and the agreement itself makes it quite clear that this was the extent of the assignment intended.

With reference to rights upon dissolution, sec. 5028.37 provides in part: "When dissolution is caused in any way, except in contravention of the partnership agreement, each partner as against his co-partners and all persons claiming through them in respect of their interests in the partnership, unless otherwise agreed, may have the partnership property applied to discharge its liabilities, and the surplus applied to pay in cash the net amount owing to the respective partners."

It is clear, then, that by the agreement appellant received a right upon dissolution limited to one-fifth of the partnership profits. See State v. Elsbury, 63 Nev. 463, 175 P.2d 430, 169 A.L.R. 364. No showing is made

by him as to the winding up of the partnership or payment of partnership obligations. Specifically, it does not appear that the $62,500 obligation provided by paragraph three of the agreement has been received by the surviving partner. Not only has appellant failed to establish any right to specific property of the partnership but he has failed to establish the existence of any surplus in which he is entitled to share.

Appellant strongly relies upon the case of Johnston v. De Lay, 63 Nev. 1, 158 P.2d 547, 161 P.2d 350. In that case it was conceded that Johnston and Ward were owners and tenants in common, each owning an undivided one-half interest in the land in question. As we have pointed out, such is not the case here.

The appellant strongly urges that the ruling of the Supreme Court of the State of Colorado, in the case of Roberts v. Roberts, 113 Colo. 128, 155 P.2d 155, and upon rehearing, 118 Colo. 524, 198 P.2d 453, is here applicable. In our opinion, the two cases are not analogous. In the above case, the court held that the agreement embodied every element necessary for the formation and creation of a partnership, and that James E. Roberts, by virtue of said agreement, was a partner in said business, and upon dissolution entitled to an accounting. Appellant concedes that he was not a partner of Frisby and Anderson, and the agreement conclusively establishes that he was not a partner.

We do not deem it necessary for us to consider here the rights appellant may have against Frisby and Anderson. Whatever these rights may be, if any, they in no wise involve the respondent.

For the reasons above stated, the judgment of the lower court is hereby affirmed with costs.

MERRILL and BADT, JJ., concur.

ON PETITION FOR REHEARING

February 15, 1954.

*Per Curiam:*

**Rehearing denied.**