No. 19,254.

PETER SCHWINDT, ET AL. *v.* JOHN SCHWINDT.

(363 P. [2d] 1505)

Decided July 31, 1961.

Mr. E. ORD WELLS, Mr. MAX SNYDAL, for plaintiffs in error.

Mr. SAMUEL CHUTKOW, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

THIS controversy arises out of an action to partition eighty acres of land in Morgan county. The action was brought by Gibbons and Harrison as tenants in common of an interest in said property against the parties to this writ of error, and others. The prayer of their complaint was that a quit claim deed executed by Peter Schwindt and Anna Schwindt conveying the land in question to Margaret Schwindt be set aside. Both Peter Schwindt and John Schwindt, who are brothers, were defendants in the action. Peter filed an answer in which he admitted all the allegations of the complaint filed by Gibbons

and Harrison. He included in his answer a cross-claim against his brother John in which he alleged, inter alia, the following:

"2. That Defendant, Peter Schwindt, by reason of strict control and surveillance by his parents for many years, is not used to business transactions, unacquainted with methods of establishing or protecting property interests and is somewhat mentally retarded.

"3. That at the time Defendant, Peter Schwindt, executed Exhibit 'A', referred to in paragraph seven of Plaintiff's complaint, Margaret Schwindt, his sister, was critically ill and not expected to live.

"4. That while Defendant, Peter Schwindt, was in Denver visiting said ill sister, Defendant, John L. Schwindt, with intent to cheat and defraud the Defendant, Peter Schwindt, demanded execution of Exhibit 'A', representing to the latter Defendant that such would establish title in the children of said Defendant, when in fact, John L. Schwindt had warranty deeds to himself unknown to Defendant, Peter Schwindt. Such facts being known only to Defendant, John L. Schwindt.

"5. That Defendant, Peter Schwindt, received no consideration from Margaret Schwindt, John L. Schwindt or anybody whomsoever for said Exhibit 'A', and the same should be cancelled and held for naught."

John Schwindt denied all facts pleaded by Peter as grounds for setting aside the quit claim deed above mentioned. Affirmatively he alleged that the disputed quit claim deed was valid; that as established by certain other deeds of record he was the owner of a life estate in and to an undivided two-thirds interest in the surface rights of said real estate. Other facts were alleged relating to fractional interests in mineral rights of persons for whom he was acting as trustee. We make no further mention of such interests for the reason that counsel for the parties admit that the validity of the life estate claimed by John is the only interest in the real estate to be resolved in this action.

To make a long and very involved matter short, suffice it to say that if the quit claim signed by Peter and Anna Schwindt, in which Margaret Schwindt was named grantee, is upheld then the life estate asserted by John is valid. If that deed be set aside, then Peter is entitled to the relief prayed for by him.

The trial court resolved the issues before it in favor of John and upheld the deed. Specifically the trial court found in pertinent part that:

"From the evidence this Court finds that the Quit Claim Deed executed by PETER SCHWINDT and ANNA SCHWINDT, is valid. Further, that at the time of its execution they knew the nature of the transaction and the effect of their act of signing the deed. From the evidence this Court finds that the Plaintiffs and the Defendant, PETER SCHWINDT, failed to sustain the burden of proof required to set aside and cancel the deed as prayed for in the Amended Complaint and the Answer and Cross Claim of PETER SCHWINDT. Having found that there is no proof of fraud or inducement in the execution of the deed, the Court feels that it cannot, within the scope of the pleadings and the evidence adduced therein, grant the relief prayed for by the Plaintiffs and the Defendant, PETER SCHWINDT."

We have carefully read the entire record and find nothing to warrant reversal of the judgment.

■ Clear and convincing evidence is required to justify setting aside a deed. *Roberts v. Roberts,* 113 Colo. 425, 158 P. (2d) 184, and cases there cited. The trial court clearly indicated that no such showing was made in the instant case. Much of the evidence offered to establish the claim for rescission was sharply contradicted, and upon such disputed evidence the trial court as the trier of the facts resolved the issues in favor of John. Where sufficient competent evidence supports the judgment it will not be disturbed on review.

The judgment is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE DAY concur.