No. 20546.

PAUL GRAU *v.* MARIE MITCHELL.
(397 P.2d 488)

Decided December 14, 1964.

HACKETHAL and McNEILL, for plaintiff in error.

BARNARD and BARNARD, J. DAVID PENWELL, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

WE will refer to the parties as they appeared in the trial court where plaintiff in error was plaintiff and defendant in error was defendant.

Plaintiff filed suit for alternative forms of relief. In his first claim for relief he alleged a co-partnership with the defendant in the operation of a business in Parshall, Colorado. He sought dissolution of the partnership, appointment of a receiver, an accounting of the partnership assets, liabilities and profits, and distribution to the partners according to their respective rights and interests.

In his second claim for relief plaintiff alleged that he had performed work at the instance and request of the

defendant in and around the property and in connection with the business, and that the reasonable value of his services was the sum of $20,000.00 for the four and a half year period involved.

Trial was to the court which entered findings of fact and conclusions of law and judgment of dismissal in favor of defendant. It held that the evidence failed to support either claim.

■ The assignments of error are that the court erred in finding that no partnership existed, and, further, that the court erred in failing to render complete relief between the parties. The case hinges entirely on questions of fact; and the court having resolved the matter with full support in the record, we will not disturb the findings on review.

No good purpose would be served in detailing the complete history of plaintiff's work in and around defendant's business establishment for the period involved. A reading of the record fails to disclose any of the elements of a partnership between the parties.

The real estate was owned by defendant, and there is nothing in the record to establish plaintiff's interest in the real property and improvements thereon. As to the operation of the business, the defendant kept the books, maintained the bank account in her name, paid all the bills, and compensated plaintiff either in cash or "in kind" for all the work that he did. No partnership returns were filed with either the federal or state government. Plaintiffs remuneration had no relationship with the business making or losing money. He was not able to establish any agreement for a share of the profits, and there was nothing to make him liable for any of the debts.

At one time in the relationship there was some talk of a partnership, and pursuant thereto, an agreement drawn up which plaintiff refused to consummate because, as he said, "he wasn't going to assume any part of the indebtedness; also, he wanted a half interest in

114

the entire real estate." This evidence in itself would be sufficient to defeat the claim of a partnership.

■ This court has stated that a partnership is a contract, express or implied, between two or more competent persons to place their money, effects, labor or skill, or some or all of them, into a business, and to divide the profits and bear the losses in certain proportions. *Kent v. Cobb,* 24 Colo. App. 264, 133 Pac. 424; *Roberts v. Roberts,* 113 Colo. 128, 155 P.2d 155. See also C.R.S. '53, chapter 104.

■ In reading the record one cannot find any evidence of an agreement, oral or written, express or implied, wherein the parties were joined together to carry on the business for a profit and to share the losses. The first claim was properly dismissed.

■ Under the claim of "quantum meruit" for the sum of $20,000.00 for services rendered, the record discloses that the plaintiff offered no competent proof as to what his services were worth. Also against his claim for such a "tidy sum" he made no allowances for the compensation admittedly paid him, as equity requires. The court found that during the entire period he received, as part compensation, room and board at the establishment. By his own testimony, he was paying $12.50 per week for room and $3.00 a day for meals before he began working for the defendant. In addition he was permitted to obtain gas and oil at the service station connected with the business without charge. He had free access to and did consume "refreshments" dispensed at the bar which he tended from time to time, and "free" cigarettes as well. The defendant made payments on plaintiff's car and trailer and paid for his laundry, clothing, and any personal debts he incurred. In addition he was given an unrecorded amount of cash, when and as he needed it for spending money. The court made the observation that such a casual arrangement without any fixed wage or fixed compensation made it difficult to arrive at any figure, but found that

the plaintiff was paid adequately. It was incumbent upon the plaintiff to establish his claim and to present competent evidence as to what his services were worth and to give credits for payments actually received. This he failed to do. The court, therefore, was correct in dismissing his claim.

The judgment is affirmed.