## GLASS *vs.* ELLISON.

For the protection of the interest of a mortgagee, and, in order to give him the full benefit of the security, it is held that the legal estate passes by the mort-

gage ; but for other purposes the mortgage is, in general, held to be a mere security for the debt.

The interest of a mortgagee, before an entry to foreclose, cannot be taken by the extent of an execution, notwithstanding he has obtained judgment upon the mortgage, and caused a writ of possession to be issued.

WRIT OF ENTRY, to recover a tract of land situated in Barrington.

The defendant pleaded the general issue.

It appeared from the evidence, that on the 3d day of Jan. 1817, the defendant, being seized and possessed of the demanded premises, mortgaged the same to Stephen Paul, to secure the payment of a promissory note.

Paul commenced an action against the defendant, Jan. term, 1827, for the purpose of foreclosing said mortgage, and at Feb. term, 1829, judgment was rendered in his favor, as of mortgage. A writ of possession issued Nov. 6, 1829, but was never executed.

On the 14th of October, 1831, John Coe, having recovered a judgment against said Paul, caused his execution to be extended upon the demanded premises, which was duly returned and recorded ; and on the same day he conveyed all his right and title to Richard Ela, who afterwards conveyed to the demandant.

On the above statement of facts, it was agreed that a verdict should be taken for the demandant, subject to be set aside and judgment rendered for the tenant, in case the court should so direct.

*Sullivan* and *Richardson*, for the demandant.

*C. W. Woodman*, for the tenant. The tenant has been in possession of the demanded premises since the date of the mortgage. The mortgagee has never entered to foreclose.

The doctrine, " that upon the execution of a mortgage deed, the mortgagee becomes seized of the legal estate," cannot be supported, but is denied by the general current of authority in the United States.

The interest of Stephen Paul in the demanded premises was not attachable, and nothing passed by the extent to Coe, and through him to the demandant.   5 *N. H. R.* 420, *Southerin* vs. *Mendum ;* 1 *Cruise's Dig. (new ed.) tit.* 15, *ch.* 11, *n.* 159 ; 3 *Pick.* 484, *Eaton* vs. *Whiting ;* 16 *Mass. R.* 345, *Blanchard* vs. *Colburn & ux. ;* 13 *Mass. R.* 207, *Portland Bank* vs. *Hall ;* 4 *Kent's Com.* 160–1.

Parker, J.   The statute of 1791, prescribing the time and mode of redeeming real estate mortgaged, enacted, that it might be redeemed by the mortgagor, his heirs, &c., on payment of all the sums of money, &c., provided such payment or performance, or tender thereof, should be made to the mortgagee, &c., " within one year after such mortgagee ' or vendee, or the person claiming under him, shall have ' entered into and have taken peaceable possession of such ' real estate, for the condition broken, or within one year ' after such person shall have been in peaceable and contin-' ued actual possession of such estate, after the condition brok-' en, whether such possession, in either case, shall have been ' gained by process of law, or by peaceable entry without ' such process."

The revised statute of 1829, which took effect January 1, 1830, also gives the right to redeem by payment, &c., and provides that if the mortgagee, &c. shall, after the condition is broken, enter peaceably into the mortgaged premises, either under process of law, or without such process—or, being in possession at the time the condition is broken, shall give notice, &c., " and shall remain in the peaceable and continued ' actual possession of the premises for the space of one year ' after such entry or notice, then, unless such payment as ' aforesaid, or legal tender thereof, be made within the said ' year, the mortgagor, and all claiming under him, shall ' be forever barred and foreclosed of the right to redeem the ' premises."

By both these statutes, although varying in their phrase-

ology, the foreclosure is made to depend, not upon a judgment against the mortgagor, but upon an entry, either with or without process, and a holding for the term of a year after condition broken.

In this case, although judgment was rendered and a writ of possession issued, it does not appear to have been executed, nor does the mortgagee appear ever to have entered. The mortgage, therefore, has not been foreclosed.

For the protection of the interest of the mortgagee, and in order to give him the full benefit of the security, it is held that the legal estate passes by the mortgage; but for other purposes the mortgage is, in general, held to be a mere security for the debt. 5 *N. H. R.* 429, *Southerin* vs. *Mendum.*

The interest of the mortgagee, before an entry to foreclose, cannot be taken by the extent of an execution. 5 *N. H. R.* 430, *and auth. cited.* Of course nothing passed by the levy of Coe, and the demandant has no title.

*Judgment for the tenant.*