[No. 6460.]

SIMPSON v. THE PEOPLE.

1. **Jurors—Competency of One Who Served at Former Trial** —A juror who served upon the panel at a former trial, never completed, of the same issue, was called at a second trial and challenged for cause. The court, without deciding the question, suggests that justice would be subserved by allowing the challenge.—(614)

2.   Criminal Law—Embezzlement — To sustain a conviction of the crime of embezzlement, it must appear that the accused received the money or property of another as a fiduciary. Merely refusing to pay money lent cannot be converted into embezzlement.—(617)

So, where a lady advanced to a man to whom she was engaged in marriage, money for improving, for their joint benefit, lands a part of which were owned by each, and erecting a home thereon for their occupation after marriage, and he appropriated these moneys to his own use, it was held not an embezzlement.—(614-617)

*Error to Lincoln District Court*—Hon. W. S. MORRIS, Judge.

Mr. RALPH TALBOT, for plaintiff in error.

Hon. JOHN T. BARNETT, attorney general, for the people.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Plaintiff in error was found guilty of embezzling money of the prosecuting witness, Lena Mann, under a count of the information charging him, in substance, with embezzling and converting to his own use, the sum of $1,500.00, the property of Mrs. Mann, which had come into his possession, and had been entrusted to his care by her, as her agent.   From a sentence accordingly, the defendant has brought the case to this court for review on error.

The first point urged by his counsel is, that the court erred in refusing to sustain challenges for cause to three jurors who served in the case.   The defendant had previously gone to trial, at which time the opening statements of counsel were made, the evidence-in-chief of the prosecution introduced, and testimony on behalf of the defendant heard, except that he was not cross-examined, when, at his request, the trial was discontinued, and the jury discharged without having the cause submitted to them

for determination. About two months later, at the
same term, the cause was again called for trial and
among the jurors called were three who had served
at the former hearing. They were challenged by the
defendant because of their former connection with
the case. The challenge was overruled. It is con-
tended by counsel for defendant that this ruling was
error, for the reason that they had formerly served
as jurors in the same cause. The law of this state,
§ 3691, Rev. Stats., provides, in effect, that a juror
summoned in a criminal case shall not be disqualified
to serve by reason of any previously formed or ex-
pressed opinion with respect to the guilt or innocence
of the accused, if the court, from the examination of
the juror, or other evidence, shall be satisfied that he
will render an impartial verdict according to the law
and the evidence submitted to the jury in the trial, of
the cause. As the judgment of the district court must
be reversed for another reason which we will later
consider, we do not deem it necessary to determine
whether or not, in view of the provisions of our stat-
ute, the mere fact that the jurors challenged had
served at a former partial trial *ipso facto* disqualified
them as jurors in the second trial; but suggest, that
as the defendant was entitled to have his guilt or
innocence determined by an impartial jury, and as it
is the duty of the courts to fully protect this right,
the interests of the public and the rights of the ac-
cused to a fair trial before an impartial jury would
have been better served by sustaining the challenges.
—*Schallmen v. Royal Ins. Co.*, 94 Ill. App. 364.

Several other errors are assigned only one of
which, the sufficiency of the evidence to sustain the
verdict, will be considered. The testimony discloses
that the defendant has treated Mrs. Mann in a repre-
hensible manner, and it must have been the indigna-
tion which his treatment of her justly aroused that

caused the jury to return a verdict of guilty, for the evidence does not justify the verdict they rendered. Defendant received a considerable sum of money from Mrs. Mann, and the theory of the prosecution was, that the whole or greater portion thereof had been entrusted to him by her, as her agent, with which to improve land she owned in this state, and to buy farm implements and other things necessary to do so, and operate it as a farm.

It can be of no benefit to quote from the testimony of Mrs. Mann, as, for the purposes of this case, it will be sufficient to state, in a general way, the different transactions between the defendant and herself, by which he secured from her the money he is charged with having embezzled. She and the defendant were engaged to be married. She was possessed of some means, and, having that confidence in his integrity which her relation to the defendant as her affianced husband would naturally inspire, she either gave or loaned him several hundred dollars. In the summer of 1906 Mrs. Mann was living in Indiana. She decided to come to Colorado with a party of friends. The defendant also wanted to come, but as he did not have sufficient means to defray the expense of the trip, she gave him $75.00, which, she says, he said he would repay. The defendant joined the party at Chicago. On reaching Limon, in this state, Mrs. Mann and the defendant, with others, left the train and later went out and looked at land. Each of them located a quarter section, which joined each other. It was necessary for them to come to Denver to make the filings, and for the purpose of defraying the expenses of that part of the trip, and expenses incurred at Limon, Mrs. Mann advanced the defendant $100.00 at Limon. The greater part of this money appears to have been expended in making the filings in the land office at

Denver, and other expenses while in the city.   Failing to repay these sums, or either of them, would not constitute embezzlement.   From Denver the parties returned to Indiana.   There they evidently discussed improving the land they had located.   Mrs. Mann says she knew the defendant was without any means whatever.   They agreed that they must have horses and farming implements, and that a house would have to be built, and so, at different times after their return, she let the defendant have $900.00, which he was to expend in that way.   After receiving the money he again journeyed to this state and remained about a month, when he again returned to Indiana.   He and Mrs. Mann talked over how he had expended the $900.00.   He told her he needed more to complete his work and buy grain, and she let him have $250.00 more.   It appears that he again came to Colorado and on his return to Indiana, Mrs. Mann does not appear to have made any inquiries as to how he had expended the last sum she had advanced. Shortly after this the defendant told her that one of the horses purchased had died, and he would have to have another, when she again let him have the sum of $250.00.

Without going into further details, it is evident from the testimony as a whole, that Mrs. Mann advanced these several sums, totaling $1,400.00, to the defendant for their joint benefit, and with the expectation on her part that he would expend it in improving their land, buying farm machinery, and in making a home which they could occupy after they were married.   It does not appear that the defendant spent any of the money in improving the land located by Mrs. Mann.   He did build a house on his own, and purchased some stock and farm implements, all of which he appears to have appropriated to his own use.   Very shortly after Mrs. Mann let him have the last $250.00, he married another woman.

The conduct of the defendant, as disclosed by the record, was certainly reprehensible, and it is not surprising that the jury lost sight of what facts were necessary to be established in order to constitute the crime of embezzlement; but, notwithstanding the conduct of the defendant, it is clear from the record before us, that the wrong he committed was a civil wrong, and that no criminal liability was incurred nor criminal statute violated. Before the defendant could be convicted of the offense of embezzlement it was necessary to prove that the money or some part thereof which the defendant received from Mrs. Mann was entrusted to him by her as her agent. This the testimony fails to establish.

In order to constitute embezzlement, the accused must occupy the fiduciary relation designated in the information or indictment, and he must have received the money or property he is accused of having embezzled in the capacity charged.—15 Cyc. 494.

The judgment of the district court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.