STATE v. C. D. MacGREGOR.[1]

April 29, 1938.

Nos. 31,694, 31,695.

William S. Ervin, Attorney General, Roy C. Frank, Assistant Attorney General, Ed J. Goff, County Attorney, and Arthur Markve, Assistant County Attorney, for the State.

Jay W. Smith and T. M. Thomson, for defendant.

LORING, JUSTICE.

Two cases. Two indictments were returned by the grand jury each accusing the defendant of forgery in the third degree. Demurrers were interposed on the ground that the indictments did not state public offenses and that they contained matter which, if true, constituted a legal justification or excuse of the offenses charged or other legal bar to the prosecution thereof. The trial court overruled the demurrers and certified the questions of law to this court for decision.

The question presented on these appeals is whether a partner is chargeable with forgery in the third degree for making false entries in the partnership books with intent to defraud his partner. The charges against the defendant are that he and J. V. Spates were partners doing business under the firm name of Lake District

[1]Reported in 279 N. W. 372.

Oil Company; that the defendant was employed as and performed the duties of bookkeeper to the firm and that at the time and place charged in the indictment and with the intent to injure and defraud the partnership and his partner falsified the books by making a false entry therein which set out in substance that on August 7, 1936, he issued a partnership check for $200 in payment to the Midwest Oil Company for merchandise purchased from that company. The indictment charges that the entry was false and untrue in that no such check was ever made, drawn, or delivered by defendant to the Midwest Oil Company but that the defendant in fact issued a partnership check for a like amount to the First National Bank of Minneapolis in payment of a personal debt which defendant owed to that bank, and that no entry whatever was made thereof in the books of the partnership. The other indictment charged a like offense on September 12, 1935, by making an entry in the books which in substance set out the issuance of a check to the Midwest Oil Company for the sum of $88.20 in payment for merchandise purchased from that company; that no such check was issued, but in place thereof a partnership check for a like amount was issued to Wayne Gilbert in payment of a personal debt of the defendant to Gilbert.

2 Mason Minn. St. 1927, § 10328, provides:

"Every person who, with intent to defraud or to conceal any larceny or misappropriation by any person of any money or property—

"1. Shall alter, erase, obliterate, or destroy any account, book of accounts, record, or writing belonging or appertaining to the business of a corporation, association, public office, officer, partnership, or individual;

"2. Shall make a false entry in any such account or book of accounts; or

"3. Shall wilfully omit to make a true entry of any material particular in any such account, or books of accounts, made, written, or kept by him or under his direction—

"Shall be guilty of forgery in the third degree."

2 Mason Minn. St. 1927, § 10358, defines the crime of larceny and reads as follows:

"Every person who, with intent to deprive or defraud the true owner of his property, or the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person—

"1.  *  *  *

"2. Having in his possession, custody, or control as a bailee, servant, attorney, agent, clerk, trustee, or officer of any person, association, or corporation, or as a public officer, or person authorized by agreement or by competent authority to hold or take such possession, custody, or control, any money, property, evidence of debt or contract, article of value of any nature, or thing in action or possession, shall appropriate the same to his own use, or that of any other person than the true owner or person entitled to the benefit thereof,  *  *  *  shall be guilty of larceny."

Section 10359 provides:

"It shall be no defense to a prosecution under § 10358 subd. 2 that the accused was entitled to a commission, out of the money or property appropriated, as compensation for collecting or receiving the same for or on behalf of the owner thereof, or that the money or property appropriated was partly the property of another and partly the property of the party accused;  *  *  *"

2 Mason Minn. St. 1927, § 7408(1), a part of the uniform partnership act, provides:

"A partner is co-owner with his partners of specific partnership property holding as a tenant in partnership."

June 21, 1875, this court handed down an opinion in State v. Kent, 22 Minn. 41, 21 Am. R. 764, in which it was held that inasmuch as the defendant was a joint owner of the monies which he was charged with embezzling such monies were not the property of another than the defendant, and consequently the indictment did not charge a public offense. A year later the statute which is now § 10359 was enacted. Under these statutes as they now read we think that a partner may be guilty of a larceny or embezzlement or

misappropriation of partnership funds. He is a person authorized by agreement to hold control of the partnership funds. If he appropriates them to his own use he violates § 10358(2). Under § 10359 it is no defense that he is a part owner. Such false entries as are charged by these indictments, if made for the purpose of defrauding a partner, constitute forgery in the third degree as defined in § 10328 because they conceal a larceny and misappropriation. The trial court properly overruled the demurrers.

Orders affirmed.