20 N.J. Super. 158 (1952)
89 A.2d 489
THE STATE OF NEW JERSEY, PLAINTIFF,
v.
DOMINICK SASSO, DEFENDANT.
Superior Court of New Jersey, Hudson County Court Criminal Division.
Decided May 29, 1952.
*159 Mr. Horace K. Roberson, Prosecutor of the Pleas, attorney for the State of New Jersey (Mr. William A. O'Brien, Assistant Prosecutor of the Pleas, of counsel).
Mr. Raymond Chasan, attorney for defendant.
DREWEN, J.C.C.
This indictment is based on R.S. 2:124-11, reenacted as N.J.S. 2A:102-5. For all present purposes the essential import of the statute is unchanged. All allegations are clearly within the terms of the existing act and the erroneous recital of the former section in no wise relates to matter of substance, it being therefore a proper subject of amendment. In its present form the statute reads:
"Any employee, agent, consignee, factor, bailee, lodger or tenant who embezzles or, with intent to defraud, takes money or receives, retains or appropriates to his own use or the use of another, any property or the proceeds of the sale of the same, or any part thereof, belonging to his employer, principal, consignor, bailor or landlord, is guilty of a misdemeanor."
The indictment charges that defendant, at the time and place stated, *160 "being the agent of S & G, a partnership consisting of James Gerolamo and Dominick Sasso, and as such agent intrusted with the collection of moneys due to the said partnership, did collect from one Arthur Wisnienski, the sum of Two Thousand and Thirty-Six Dollars in money due from the said Arthur Wisnienski to the said partnership, and did then and there fraudulently take and convert the said Two Thousand and Thirty-six Dollars to his own use, with intent upon the part of him, the said Dominick Sasso, to defraud the said S & G and James Gerolamo of their respective interest therein."
I am assuming, as do counsel in the argument, that defendant and the partnership member of the same name, though it does not explicitly so appear, are identical persons. The pith of the contention for dismissal is that a partner cannot in law embezzle the partnership moneys. The indictment does not in any way distinguish the partnership alleged from one in the general category nor from one in which all partners are equal, and the familiar common law principle that rules such partnerships is said to require the dismissal. Thus it is urged, in effect, that embezzlement is precluded by the legal theory according to which each partner owns all the partnership property, each being correspondingly liable for all partnership debts and obligations; and further, that in such a partnership the equality of the partners prevents the disparity of status necessary to the relation of principal and agent as between one partner and another, as well as between any of the partners and the partnership itself. In support of these contentions my notice is directed to encyclopedic texts. 18 Am. Jur. 588, Sec. 31; 20 C.J. 445, Sec. 35; 29 C.J.S., Embezzlement, § 16; In re Sanders, 17 A.L.R. 980, 982. But these texts are general common law texts and as such afford no present guidance. The common law is modified by the Uniform Partnership Act, which is part of the statute law of this State (R.S. 42:1-1 et seq.) and in the light of which the motion must be decided.
The indictment charges that the moneys collected were moneys "due" the partnership, that is, resorting to the language of the partnership statute, that the defendant received *161 the moneys "for the purpose of its business." R.S. 42:1-9, subd. 1. In so receiving it he was the partnership "agent" (Ibid.); and the legislative creation of the agency presupposes the consequent status of the partnership as principal. R.S. 42:1-9. This element of agency is strengthened by the statutory responsibility of the partnership for the agent-partner's wrongful acts. R.S. 42:1-13, 14. Also, a partner is accountable as a fiduciary. R.S. 42:1-21. It is, therefore, my opinion that none of the requisite components of a basis for the offense of embezzlement is wanting.
The further argument is made that since embezzlement was not a crime at common law the statute must be strictly construed, and that it contains nothing which can fairly be taken as indicating an intent to include the partnership relation within its terms. This is fully answered, in my opinion, first, by the fact that the embezzlement section in effect when the offense here is alleged to have been committed, and the Uniform Partnership Act, co-existed in our law; and secondly, by the requirement, as I deem it, that the terms agent and principal in the embezzlement section may not be read to the exclusion of the Uniform Partnership Act sections I have cited, not to mention others in the same act relevant in this matter of construction.
In the partnership statute the Legislature declares that a partner is a fiduciary agent of his partnership and accountable as such. In the criminal statute it declares that an agent who embezzles the funds of his principal shall be guilty of a misdemeanor. There is no ground for rejecting the defining influence of the former upon the latter.
Something of a cognate question was before the court in State v. Gordon, 1 N.J. Misc. 295 (Sup. Ct. 1923), where a conviction below was affirmed.
The motion to dismiss is denied.