No. 20804.

Eugene L. Kelley *v.* The People of the
State of Colorado.
(402 P.2d 934)

Decided June 14, 1965.

James W. Heyer, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, John P. Moore, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Chief Justice Pringle.

Eugene L. Kelley, the plaintiff in error, was charged in an information with the embezzlement of $4183.32 from the Hill Oil Company while acting as its agent from December 15, 1961, to January 16, 1962. The trial was to a jury and he was found guilty. Kelley brings writ of error from the judgment entered on the verdict.

The Attorney General, while briefing with particularity the law applicable here, points out that he does not disagree with the defendant's position and that it is his conclusion that the People failed to prove that the defendant unlawfully converted money belonging to the Hill Oil Company.

The record discloses that Kelley operated a gasoline service station in Hugo, Colorado. He took over the management and operation of the station on November 6, 1961, under an agreement with the Hill Oil Company. By the terms of this arrangement, Kelley was to operate the station, and his wife was to operate the adjoining cafe.

The two gasoline storage tanks on the property were filled by the Company. The gas remained the property of the Company until it passed through the pumps into the customers' cars, at which time it became the property of the customers. The pumps were metered, and Kelley was to pay the Company, at the time of the periodic meter readings, a certain price for each gallon sold. Kelley was to retain the difference between the wholesale price charged him by the Company and the retail price per gallon which he received from his customers.

The meters were read, and Kelley accordingly paid the Company on November 15, 1961, November 30, 1961, and December 15, 1961. However, the Company was not paid for the readings taken on December 31, 1961, and January 17, 1962. The Company, thereupon, changed the locks on the station in the absence of the Kelleys and ordered them to stay out of the station. Thereafter, the Company filed charges with the District Attorney and the information charging Kelley with embezzlement resulted.

The evidence produced at the trial failed to establish several of the necessary elements of the crime of embezzlement; we, however, shall discuss only one of these failures, which, in itself, is fatal to the People's

case. An essential element of the crime of embezzlement is that the property alleged to have been converted belong to another. *Sparr v. People,* 122 Colo. 35, 219 P.2d 317; *Phenneger v. People,* 85 Colo. 442, 276 Pac. 983; C.R.S. '53, 40-5-16. It is at once important to note that the property alleged to have been embezzled here was not gasoline, the title to which remained in the Company until sale, but rather the money received by defendant for the gasoline.

The evidence established that, under the terms of the agreement between Kelley and the Company, Kelley was not an employee for the collection of funds nor was he obligated to segregate and hold in trust specific funds for the Company, nor was he in any way an agent of the Hill Oil Company. H. B. Hill, the controlling partner of the Company, testified that he did not care where Kelley's payments came from, and that he was not concerned with the source of the payments. He made no requirement that receipts from the sale of the gasoline be set aside and held in trust for the Company. His only concern was that he be paid the wholesale price of the gasoline sold.

The evidence also showed that Kelley and his wife had complete control of the station and cafe. Kelley operated and advertised the station in his own name. Mr. Hill testified that Kelley could sell the gasoline at any price he wished, as long as the Company was paid the wholesale price from some source. There was no limitation on what goods the Kelleys could sell in the cafe and station, or from whom they should be purchased. The merchandise on the station shelves was all Kelley's property. The employees in the station were Kelley's and were paid by Kelley out of his own funds and he had the sole control of them. The record also shows that even though Kelley had not paid the Company on two occasions when the meter was read, the Company continued to deliver gasoline to the station for sale.

In short, the evidence conclusively establishes that the money received by Kelley in the operation of the station was not the property of the Company, nor was Kelley acting as the agent of the Company when he received the money for the sale of the gasoline. No money collected by Kelley in the operation of the station became the Company's property until it was actually transferred to the Company by Kelley in payment of his obligation. The arrangement between Kelley and the Company was clearly such that the relationship between them was that of debtor and creditor. *Cottrell v. Grand Union Tea Co.,* 5 Utah2d 187, 299 P.2d 622.

█ It is basic that the failure of a debtor to pay his creditor does not constitute embezzlement. *Cottrell v. Grand Union Tea Co., supra;* 2 Wharton, *Criminal Law and Procedure,* § 519; 18 Am. Jur. *Embezzlement* § 20 (1938). In the case at bar, the evidence did not show that Kelley was guilty of embezzlement, and the conviction therefore cannot stand.

The judgment is reversed and the cause remanded with directions to dismiss the action.

Mr. Justice Day and Mr. Justice McWilliams concur.