### No. 27984

## The People of the State of Colorado v.
## Home Insurance Company and Home Indemnity Company

(591 P.2d 1036)

Decided March 19, 1979.

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, for plaintiff-appellant.

Holm and Dill, P.C., Jon L. Holm, for defendants-appellees.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

The People appeal from the dismissal of theft and theft-related charged by the trial court at the close of the prosecution's case. The charges arose from the surreptitious procurement by agents of the insurance company defendants of confidential medical information concerning two patients of a Denver hospital. The trial court granted the dismissal because the medical information obtained was not a "thing of value" as defined in the pertinent statute and therefore was not subject to theft. We affirm.

The defendants hired an injury claims investigative service to obtain medical information reports on two claimants. Through the use of the telephone, an investigator for the service obtained a verbatim reading of the medical reports which he later transcribed and sent to the defendants. The actual medical records themselves never left the hospital file room; rather, only the medical information contained in the records was thus acquired.

The theft statute, section 18-4-401(1)(a), C.R.S. 1973 (1978 Repl. Vol. 8), reads in pertinent part:

"A person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization, or by threat or deception, and:

"(a) Intends to deprive the other person permanently of the use or benefit of the thing of value . . . ."

Crucial to our determination of this case is the definition of "thing of value" contained in section 18-1-901(3)(r), C.R.S. 1973 (1978 Repl. Vol. 8):

"'Thing of value' includes real property, tangible and intangible personal property, contract rights, choses in action, services, and any rights or use or enjoyment connected therewith."

The People argue that the confidentiality inherent in one's personal medical information is a "thing of value" within the meaning of the theft statute inasmuch as the confidentiality is intangible personal property. We do not agree with this expansive interpretation of the theft statute.

■ In determining the meaning of criminal statutes, we are guided by the principle that such statutes must be strictly construed in favor of the accused and they cannot be extended either by implication or construction. *People v. Cornelison,* 192 Colo. 337, 559 P.2d 1102 (1977); *Cokley v. People,* 168 Colo. 280, 450 P.2d 1013, (1969); *Calkins v. Albi,* 163 Colo. 370, 431 P.2d 17 (1967).

■ As far as we have been able to determine, and no cases have been cited by the People to the contrary, confidentiality has never been considered as intangible personal property. Rather, the term intangible personal property has been held to be property which is merely representative of value, such as certificates of stock, bonds, promissory notes, patents, copyrights, tradebrands and franchises. *Black's Law Dictionary,* (rev. 4th ed. 1968). We, therefore, would have to expand unduly the traditional concept of intangible property if we were to accept the People's contention.

■ Furthermore, the General Assembly has specifically addressed the violation of analogous privacy interests in the criminal code. Thus, it has authorized criminal sanctions for the theft of trade secrets, section 18-4-408, C.R.S. 1973 (1978 Repl. Vol. 8),[1] unauthorized wiretapping of telephone or telegraph communication, section 18-9-303, C.R.S. 1973 (1978 Repl. Vol. 8); eavesdropping, section 18-9-304, C.R.S. 1973 (1978 Repl. Vol. 8); and unauthorized reading, learning or disclosure of telephone, telegraph or mail messages, section 18-9-306, C.R.S. 1973 (1978 Repl. Vol. 8). The foregoing amply demonstrates that the General Assembly has the legislative competence, if inclined to do so, to make illegal the invasion of privacy or confidentiality. The legislature, however, has not chosen to apply criminal sanctions to the invasion of the confidentiality of medical information. We will not now do so by an unwarranted interpretation of the meaning of intangible personal property as it is used in the statutory definition of "thing of value."

■ In the civil context the legislature has considered the importance of confidentiality of medical information. Section 25-1-802, C.R.S. 1973

---

[1] Although traditionally there has been a civil remedy for appropriation of trade secrets, *see Trade Secret Litigation: Injunctions and Other Equitable Remedies,* 48 *U. Colo. L. Rev.* 189 (1977), the legislature considered the increasing encroachment of this type of confidentiality as warranting criminal penalties.

(1978 Supp.) concerns confidentiality of patient records in the custody of health care facilities. Section 27-10-120, C.R.S. 1973, provides that all information obtained in the course of providing services to the mentally ill in state institutions shall be confidential and privileged. Section 25-1-312, C.R.S. 1973, makes records of alcoholics compiled at treatment facilities confidential and privileged. Section 24-72-204(3), C.R.S. 1973, provides that public records containing medical and psychological data shall not be available for public inspection except in certain prescribed circumstances. The legislature, therefore, has taken specific steps to protect the confidentiality of medical information by creating statutory duties, the breach of which could serve as the basis for a civil remedy. However, the legislature has not imposed criminal penalties for violations of the confidentiality or privilege.

Finally, the acceptance of the People's contention that invasion of the confidentiality of one's medical records constitutes theft would have far-reaching ramifications. Conceivably, a person who committed one of the four recognized torts for the invasion of privacy[2] could be tried for theft. Also, the breach of one of the recognized privileges (*e.g.,* husband-wife, attorney-client, clergyman-penitent, doctor-patient, accountant-client and psychologist-client, *see* section 13-90-107, C.R.S. 1973) might possibly be construed as theft. In our view, such an expansion of criminal liability could not have been intended by the legislature when it adopted the theft statute. Although we agree with the trial court that the defendants' conduct was "reprehensible and outrageous," that conduct simply was not made criminal under the theft statute. Proof of moral turpitude is not alone sufficient to authorize a criminal conviction. *Shimmel v. People,* 108 Colo. 592, 121 P.2d 491 (1942).

Because of our disposition, it is unnecessary to address the issue of how to calculate the monetary worth of the medical information or the issue of whether the evidence established the element of permanent deprivation.

The judgment is affirmed.

MR. JUSTICE CARRIGAN does not participate.

---

[2] According to *W. Prosser, Torts* § 117 (4th ed. 1971), the common law tort of invasion of privacy contains four distinct kinds of invasion of four different interests: (1) intrusion upon physical solitude; (2) public disclosure of private facts; (3) false light in the public eye; and (4) appropriation of name or likeness.