Merrimack
No. 81-092

## THE STATE OF NEW HAMPSHIRE

v.

## JAY MARION

January 15, 1982

*Gregory H. Smith*, attorney general (*Paul W. Hodes*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, appellate defender, by brief and orally, for the defendant.

BATCHELDER, J. On February 19, 1981, the defendant was found guilty of arson after at a jury-waived trial before *Souter*, J. The indictment charged him with the following offense:

"[that the defendant] with force and arms, at approximately 8:15 p.m. did knowingly start a fire which unlawfully damaged the property of another, to wit: start a fire in his residence at 63 North Main Street by soaking sheets, bedding and clothes with a flamable [sic] liquid obtained from the storage tank at the house and igniting an area in the downstairs playroom causing fire damage to the walls and ceiling of the playroom, the residence at 63 North Main Street also being the property of The Manchester Bank, the structure being an occu-

pied structure at the time in that it was adapted for the overnight accommodation of persons and the defendant, Jay Marion, knowing it was an occupied structure."

The question presented in this appeal is whether a mortgagee's interest in the defendant's home is sufficient so that the home is also the "property of another" under the arson statute, RSA 634:1 (Supp. 1979). We hold that it is.

At the time of the fire which gave rise to the indictment, the title to the premises, a wood-frame house, was vested in The Manchester Bank by virtue of a mortgage deed dated June 2, 1977, recorded in Merrimack County Registry of Deeds. The equity of redemption was vested in the defendant, Jay S. Marion, and his wife, Sandra J. Marion, who were given a warranty deed dated June 2, 1977, by Wayne P. Gould. Thus, on the day of the fire, three parties possessed a concurrent proprietary interest in the premises: The Manchester Bank, by virtue of the title conveyed to it by the mortgage deed; and the defendant and his wife, who jointly retained the equitable interest to redeem the mortgage.

■ The definition of "property of another" contained in the arson statute, RSA 634:1 I, is found in RSA 634:1 V(c) (Supp. 1979), which refers to RSA 637:2 IV:

"IV. 'Property of another' includes property in which any person other than the actor has an interest which the actor is not privileged to infringe, regardless of the fact that the actor also has an interest in the property and regardless of the fact that the other person might be precluded from civil recovery because the property was used in an unlawful transaction or was subject to forfeiture as contraband. Property in possession of the actor shall not be deemed property of another who has only a security interest therein, even if legal title is in the creditor pursuant to a conditional sales contract or other security agreement."

RSA 637:2 IV. The purpose of this section is to include within the sweep of the Criminal Code that property in which more than one person has an interest—e.g., partnership property, leased property, and property held by joint tenancy or by tenancy in common.

The interest of a mortgagee in encumbered land was examined by this court in Glass vs. Ellison, 9 N.H. 69 (1837), where the court ruled that the mortgagee possessed legal title to the premises for purposes of securing the mortgaged debt, but did not for other purposes, such as attachment by third-party creditors.

*"For the protection of the interest of the mortgagee,* and in order to give him the full benefit of the security, it is held that the legal estate passes by the mortgage; but for other purposes the mortgage is, in general, held to be a mere security for the debt. 5 N.H.R. 429, *Southerin vs. Mendum."*

(Emphasis added.) *Glass vs. Ellison,* 9 N.H. at 72; *see Brown & al. vs. Cram,* 1 N.H. 169, 171–72 (1818).

■ More recently, in a case where the mortgagors sought to enjoin a foreclosure by raising questions concerning possible defects in the title to the property, this court held that "the mortgage deed to the bank as security for its loan *conveyed the same title* that the Flynns [plaintiffs] had, no more, no less." (Emphasis added.) *Flynn v. The Nashua Fed. Sav. & Loan Ass'n,* 118 N.H. 84, 85, 382 A.2d 628, 628 (1978). We note in passing that the mortgage deed in question is in the old form pre-dating the Short Form Deed and Mortgage Act, RSA 477 (1951), and contains the historic language in the granting clause where the mortgagors "have given, granted, bargained, sold and by these presents do give, grant, bargain, sell, alien and enfeoff, convey and confirm [these premises] unto The Manchester Bank, its successors and assigns forever." Certainly this is more than a mere security interest as the defendant would urge upon us. It necessarily follows that the interest of the bank in the premises in the case before us is a sufficient "property of another" to satisfy the requirement of RSA 634:1 I.

■ The defendant argues that the second sentence of the definition of "property of another" in RSA 637:2 IV excludes a mortgage interest. We disagree. The legislature applied the "property of another" definition contained in RSA 637:2 IV—which deals primarily with the theft of chattels and goods—to the arson statute—which deals as much with real estate and fixtures as with chattels and goods. The second sentence, by its terms, does not apply to real property: it excludes only interests created by a conditional sales contract or other security agreement, and these interests can arise only in personal property or fixtures. *See* RSA 382–A:1–201(37) (Supp. 1979); RSA 382–A:9–105(1)(*l*) (Supp. 1979). Furthermore, the legislative history of RSA 637:2 IV reveals that the second sentence was added only so that the purchaser in a conditional sales arrangement would not be guilty of theft when he treated the property as his own. REPORT OF COMMISSION TO RECOMMEND CODIFICATION OF CRIMINAL LAWS 62 (1969).

24

■■ We hold that a mortgagee's interest in the structure is sufficient so that the structure may also be considered to be the property of another within the meaning of the Criminal Code. RSA 634:1 II, V(c) (Supp. 1979) and RSA 637:2 IV. *See People ex rel. VanMeveren v. District Court*, 619 P.2d 494, 498 (Colo. 1980); *State v. Phillips*, 99 Wis. 2d 46, 49–52, 298 N.W.2d 239, 241–42 (Ct. App. 1980), *partially overruled on other grounds, State v. Feela*, 101 Wis. 2d 249, 264 n.4, 304 N.W.2d 152, 159 n.4 (1981). Thus, when a mortgagor knowingly starts a fire in the mortgaged structure that he knows is an "occupied structure," he is guilty of a Class A felony. RSA 634:1 I, II.

We do not address the issue of whether an interest such as a mechanics or tax lien, either inchoate or choate, would be a sufficient interest in property so that it would also be the property of another, nor do we consider what the result might be were we faced with mortgaged personal property.

*Affirmed.*

BROCK, J., concurs in the result only; the others concurred.