**In re Walter Charles FULTON, Sr., a/k/a Walter C. Fulton, Sr., Ind. & d/b/a a partner in the partnership of C & F Trucking, Debtor.**

**Mattie HOLCOMB and Padgett Carroll, Plaintiffs,**

v.

**Walter Charles FULTON, Sr., Defendant.**

**Bankruptcy No. 182–04090. Adv. No. 183–0363.**

United States Bankruptcy Court, M.D. Tennessee.

Oct. 2, 1984.

ate to presume that the property of Products Serving People, Inc., belongs exclusively to the debtor or his estate.

Jane B. Forbes, Franklin, Tenn., Trustee.

Eugene Hallworth, Columbia, Tenn., for debtor.

Jerry C. Colley, Columbia, Tenn., for plaintiffs.

## ORDER

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on the plaintiff's claim that the debtor wrongfully scheduled a 1972 Great Dane 42 foot van as an asset. The plaintiffs allege that they provided the funds for the purchase of the van but that the debtor wrongfully failed to register the title to the van in the plaintiffs' name. The Chapter 7 trustee, Jane Forbes, has intervened in the case alleging that the trailer is property of the Chapter 7 estate pursuant to 11 U.S.C. § 541 (West 1979). Upon consideration of the testimony of witnesses, exhibits, briefs of the parties, statement of counsel and the entire record, the court concludes that the van belonged to the partnership of C & F Trucking. The parties are ordered to engage in an accounting and to distribute whatever equity exists in the van pursuant to both the decision of this court and Tenn. Code Ann. § 61–1–139 (1980).

The following shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The plaintiff, Padgett Carroll, and the debtor operated a trucking business under

the name of C & F Trucking. Mr. Carroll contributed a semi-truck which the debtor drove for the business. The profits earned from the business were to be divided between the parties. In July 1982, Mr. Carroll's grandmother, Mattie Holcomb, wired him $9,000.00. He used $4,600.00 of these funds to purchase a used trailer from Fruehauf Corporation for C & F Trucking. The seller's invoice for the trailer listed C & F Trucking as the purchaser of the trailer. The Arkansas certificate of title for the trailer was signed by the debtor and listed C & F Trucking as the owner.

On December 16, 1982, the debtor filed a voluntary Chapter 7 bankruptcy petition. On January 24, 1983, the debtor amended his petition to reflect that he had been engaged in business as a partner in C & F Trucking. The debtor's schedules listed the 42 foot trailer with a value of $4,000.00 as an asset of the debtor, listed the full value of the trailer as exempt pursuant to 11 U.S.C. § 522(d)(5) and listed the plaintiff, Mattie Holcomb, as an unsecured creditor in the amount of $4,000.00. Subsequently, the debtor amended his Schedule B-4 to list only $950.00 of the trailer as exempt.

## I.

The court must decide two main issues in this proceeding. First, the court must determine who owns the trailer in question. Second, the court must determine whether the Chapter 7 estate has any interest in the trailer.

In determining ownership of the trailer, the court has before it three theories of ownership. First, the plaintiffs argue that the property belongs to them based on the theory that the debtor wrongfully failed to title the van in their name. Second, the trustee asserts that the property was originally owned solely by the debtor and thus, became property of the estate on the debtor's filing of his bankruptcy petition. Finally, the debtor argues that he and Padgett Carroll owned the trailer jointly subject to a debt owed to Mattie Holcomb.

■ The evidence at trial established that Padgett Carroll and the debtor were engaged in the business of C & F Trucking. Padgett Carroll agreed to provide the capital necessary to run the business while the debtor agreed to drive the truck. The profits earned from this business were to be divided between the parties. Based on this evidence, this court has no difficulty in determining that Padgett Carroll and the debtor were engaged in business as a partnership. See *Wyatt v. Brown*, 39 Tenn. App. 28, 281 S.W.2d 64 (1955); TENN. CODE ANN. § 61–1–106 (1980); 59 Am. Jur.2d *Partnership* § 39, *et seq.* (1971).

■ In determining whether property is partnership property or property owned by an individual, the court must focus primarily on the intentions of the partners at the time the property was acquired.

"The intent of the partners determines what property shall be considered partnership property as distinguished from separate property. Such intention of the partners must be determined from their apparent intention at the time the property was acquired, as shown by the facts and circumstances surrounding the transaction of purchase, considered with the conduct of the parties toward the property after the purchase."

60 Am.Jur.2d *Partnership* § 92 at 21 (1972). In viewing evidence surrounding the purpose and use of the property, Tennessee courts have held that when property is titled in the name of the partnership, the party asserting that the property is not partnership property has the burden of proof. *Brown v. Brown*, 45 Tenn.App. 78, 320 S.W.2d 721, 729 (1958). See also TENN.CODE ANN. § 61–1–107 (1980).

■ The evidence produced at the trial of this matter establishes that the trailer in question is indeed partnership property. The trustee introduced both a sales invoice and a certificate of title listing the owner of the trailer as C & F Trucking. The testimony established that the trailer was purchased by Padgett Carroll for use in the C & F Trucking business and that the

debtor actually used the trailer in furtherance of the business.

The claims of ownership asserted by both the trustee and the plaintiffs lack substance. The plaintiffs failed to establish any grounds upon which this court could find either a constructive trust or a fraudulent transfer. The trustee presented evidence which leads this court to the conclusion that the property was indeed partnership property. There is no legal basis for a determination that the property was owned solely by the debtor and thus, belongs exclusively to the debtor's estate.

## II.

Under 11 U.S.C. § 541 (West 1979), the estate consists of "... all legal or equitable interest of the debtor in property as of the commencement of the case." Since a partnership is a legal entity separate from its partners, a partner cannot claim title in partnership property. The partner may only claim the rights in specific partnership property as bestowed upon the partner under partnership law. When a partner files for bankruptcy, the partner's estate obtains whatever partnership interest was held by the filing partner. *Campbell v. Bolen (In re Caudy Custom Builders, Inc.)*, 31 B.R. 6, 9 (Bankr.S.C. 1983); *Appleton v. Gagnon*, 26 B.R. 926 (Bankr.M.D.Pa.1983); *Dominican Fathers of Winona v. Dreske*, 25 B.R. 268 (Bankr. E.D.Wis.1982).[1]

When the debtor filed bankruptcy, the partnership of C & F Trucking if not already dissolved was dissolved by operation of law. See TENN.CODE ANN. § 61–1–130(5) (1980). Upon dissolution, partnership property must be used to pay the liabilities of the partnership in the priority established in TENN.CODE ANN. § 61–1–139(2) (1980). Debts to creditors other than partners are paid first, debts to partners for contributions other than for capital and profits are paid second, debts owing to partners in respect of capital contributions are paid third and finally, debts owing to partners in respect of profits are paid last.

In the present case, the equity in the trailer should be distributed in accordance with TENN.CODE ANN. § 61–1–139(2) (1980). For purposes of this distribution, the court holds that the money loaned by the plaintiff, Mattie Holcomb, to the plaintiff, Padgett Carroll, was a loan to Padgett Carroll and not to the partnership of C & F Trucking.[2] The purchase of the trailer by Padgett Carroll and his subsequent contribution of that trailer to C & F Trucking constitutes a capital contribution to the partnership of C & F Trucking.

Accordingly, the court ORDERS that the equity in the trailer shall be distributed in accordance with TENN.CODE ANN. § 61–1–139(2) (1980). The partners shall submit to the court within ten days of the entry of this Order an accounting which describes the disposition of the trailer in compliance with this court's order. If the parties cannot agree on an accounting, they shall appear before this court on October 19, 1984, at 10:00 A.M., Courtroom, Old Post Office Building, Columbia, Tennessee, 38401, and present proof concerning the proper distribution of the trailer in accordance with this court's order.

IT IS, THEREFORE, SO ORDERED.

---

1. The court must note that the only debtor in this case is the individual Walter Charles Fulton, Sr. The amended petition filed by the debtor on January 24, 1983, showed that the debtor had been engaged in the business of C & F Trucking; however, it did not have the effect of placing the partnership of C & F Trucking in bankruptcy.

2. The interrogatories submitted by the trustee as well as the evidence proffered at trial established the character of this loan as an individual loan. Mattie Holcomb did not even acknowledge the existence of the partnership and therefore, could not have loaned the funds to the partnership.