**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**Charles Arthur CLAYTON, Defendant-Appellee.**

**No. 84SA530.**

Supreme Court of Colorado, En Banc.

Dec. 2, 1986.

Rehearing Denied Dec. 22, 1986.

Barney Iuppa, Dist. Atty., Fourth Judicial Dist. and David H. Zook, Chief Deputy Dist. Atty., Colorado Springs, for plaintiff-appellant.

David F. Vela, State Public Defender and Peggy O'Leary, Deputy State Public Defender, Denver, for defendant-appellee.

DUBOFSKY, Justice.

The People appeal the El Paso County district court's dismissal of one count of felony theft filed against the defendant Charles Arthur Clayton. The district court ruled that theft as defined by statute or under the common law does not include a partner's unauthorized taking of partnership property. We affirm the ruling of the district court.

### I.

In November 1979, Clayton and his wife Marvolene formed a partnership called Clayton Realty Company with Thomas and Donna Lee Gray. The Grays assumed a $40,000 debt and contributed an additional $20,000 in return for a 50 per cent share of the partnership. On February 13, 1981, the defendant and his wife entered into a partnership agreement with Evan C. Jones and his wife Consuelo R. Jones to form ERA Clayton Realty. Ten days later, on February 23, 1981 the Claytons and Grays dissolved the first partnership. The purpose of both partnerships was to conduct general real estate business.

As part of the dissolution of the first partnership the defendant agreed to pay the Grays $300 a month for ten years. He made five payments to the Grays, totalling $1500, from ERA Clayton Realty's partner-

ship account. The ERA Clayton Realty partnership agreement states in relevant part:

ARTICLE X.

PARTNERS' POWERS AND LIMITATIONS

1. Checks shall be drawn on the partnership bank account for partnership purposes only and all checks shall be signed by any one of the partners or as may be agreed upon from time to time.

.    .    .    .    .

3. Each partner shall pay his separate debts punctually and shall indemnify the other partners and the capital and property of the partnership against the same and all expenses on account thereof.[1]

On August 2, 1984, the defendant was charged with felony theft under section 18–4–401, 8B C.R.S. (1986), which provides:

(1) A person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization, or by threat or deception, and:

(a) Intends to deprive the other person permanently of the use or benefit of the thing of value; or

(b) Knowingly uses, conceals, or abandons the thing of value in such manner as to deprive the other person permanently of its use or benefit; or

(c) Uses, conceals, or abandons the thing of value intending that such use, concealment, or abandonment will deprive the other person permanently of its use and benefit; . . .

After a preliminary hearing, the district court found that the defendant paid a personal debt to his former partners using funds from the ERA Clayton Realty partnership account. The court ruled, however, that a partner cannot be charged with theft of partnership property under section 18–4–401 or the Uniform Partnership Law (UPL), sections 7–60–101, et seq., 3A C.R.S. (1986) because partnership property is not

a thing of value of another. The court dismissed the charge against the defendant. The People seek reinstatement of the charge, claiming that an unauthorized taking of partnership property by one of the partners constitutes theft.

II.

The common law rule is that a partner cannot be guilty of embezzlement or larceny of partnership property. 68 C.J.S. Partnership § 88; 50 Am.Jur.2d Larceny § 84; *see generally Embezzlement or Larceny by a Partner*, 82 A.L.R.3d 822 § 3 (1978); *Larceny by a Partner*, 169 A.L.R. 372 (1946). Jurisdictions in which partners have been found guilty of larceny or embezzlement from a partnership have statutory authority for the departure from common law. *State v. Siers*, 197 Neb. 51, 248 N.W.2d 1 (1976) (language added to state uniform partnership act and Nebraska embezzlement statute allowed partner to be charged with theft of partnership property); *State v. Sasso*, 20 N.J.Super. 158, 89 A.2d 489 (1952) (New Jersey statute made it a misdemeanor for agent to take property or "any part thereof" belonging to principal); *People v. Sobiek*, 30 Cal.App.3d 458, 106 Cal.Rptr. 519 (1973) (state embezzlement statute required property stolen be that of "another" but did not require property to be that of "another" for offense of fraudulently appropriating property entrusted for use of another); *State v. Matthews*, 129 Ind. 281, 28 N.E. 703 (1891) (surviving partner held partnership assets as fiduciary and not as owner under statute subjecting to prosecution for embezzlement one acting in fiduciary capacity who fails to turn over or account for property when legally required to do so).

Colorado law is consistent with the common law. Under both the common law and the UPL, partners are joint owners of property. *Roberts v. Roberts*, 118 Colo. 524, 198 P.2d 453 (1948); § 7–60–106(1), 3A C.R.S. (1986). Section 18–4–401(1) provides that "[a] person commits theft when he

---

**1.** Article XII of the partnership agreement required arbitration of any dispute arising out of the agreement. The record is silent as to whether the partners attempted to resolve the payment of the defendant's debt to his former partners through arbitration.

knowingly obtains or exercises control over anything of value *of another* without authorization, or by threat or deception, ..." (Emphasis added.) Interpreting the language of the theft statute in *People v. McCain*, 191 Colo. 229, 552 P.2d 20, 22 (1976), this court refused to find a person who absconded with assets owned jointly with a church, guilty of theft:

> We note by way of analogy the general principle that in the absence of statute a co-owner of property cannot ordinarily be guilty of theft and, further, that joint owners, or tenants in common, cannot steal from each other, and members of a voluntary association having an interest in its funds cannot commit larceny of such funds.

*See also Ferme Rimouski, Inc. v. Limousin West, Inc.*, 620 F.Supp. 552, 555 (D.Colo. 1985); *People v. Johnson*, 618 P.2d 262, 266 (Colo.1980); *People v. Zimbelman*, 194 Colo. 384, 572 P.2d 830 (1977); *Hucal v. People*, 176 Colo. 529, 493 P.2d 23 (1971); *Kelley v. People*, 157 Colo. 417, 402 P.2d 934 (1965); *Sparr v. People*, 122 Colo. 35, 219 P.2d 317 (1950); *People v. Schlicht*, 709 P.2d 94 (Colo.App.1985).

■ The People urge that the definition of "property of another" under Colorado's arson statute, sections 18–4–101, 18–4–102 and 18–4–103, 8B C.R.S. (1986), as interpreted in *People ex rel. Van Meveren v. District Court*, 619 P.2d 494 (Colo.1980), be applied to the theft statute. Section 18–4–101 provides:

> (3) Property is that of "another" if anyone other than the defendant has a possessory or proprietary interest therein.

Under common law, possession or occupancy, not ownership, was relevant to the crime of arson. *Van Meveren*, 619 P.2d at 496. In *Van Meveren*, this court held that the statutory definition of "property of an-

other" altered the common law and that a credit union's security interest in the motor home that was destroyed by fire was a sufficient proprietary interest to subject the defendant to prosecution for arson. In contrast, the theft statute under which the defendant was prosecuted refers not to the taking of property but to the taking of "anything of value of another." The word "property" is not used in section 18–4–401. It is difficult to say that the General Assembly altered the common law crime of theft when the definition of property relied on in *Van Meveren* cannot be applied to section 18–4–401.[2]

■ The People also assert that the defendant in the instant case can be subject to prosecution for theft because the UPL, section 7–60–125, 3A C.R.S. (1986), provides that

> (1) A partner is coowner with his partners of specific partnership property holding as a tenant in partnership.
>
> (2) the incidents of tenancy in partnership are such that:
>
> (a) A partner, subject to the provisions of this article and to any agreement between the partners, has an equal right with his partners to possess specific partnership property for partnership purposes; but he has no right to possess such property for any other purpose without the consent of his partners; ...

This section requires a partner to use partnership property for partnership purposes, but it does not, by itself, create or define a crime.

■ It is far from clear that the General Assembly intended for the wrongful taking of partnership property to be theft under section 18–4–401. Criminal statutes are to be strictly construed in favor of the accused in order to give all persons fair notice of what constitutes a criminal act.

**2.** The definition of "property of another" in section 18–4–101, adopted in 1971 as part of the 1971 general revision of the Colorado criminal code, is from § 220.1(4) of the Model Penal Code defining arson. The general theft provisions in the Model Penal Code defined "property of another" to include "property in which any person other than the actor has an interest which the actor is not privileged to infringe, regardless of the fact that the actor also has an interest in the property...." § 223.0(7), Model Penal Code. *See* Perkins, *Criminal Law* 244, n. 29. The General Assembly did not include the Model Penal Code definition of theft in the 1971 revision of the Colorado criminal code.

*United States v. Shoels*, 685 F.2d 379 (10th Cir.1982), *cert. denied*, 462 U.S. 1134, 103 S.Ct. 3117, 77 L.Ed.2d 1370; *People v. Hrapski*, 658 P.2d 1367 (Colo.1983); *People v. Home Insurance Co.*, 197 Colo. 260, 591 P.2d 1036 (1979). In addition, criminal statutes cannot be extended either by implication or construction. *People v. Home Ins. Co.*, 591 P.2d 1036. We conclude that, without specific statutory authority, the unauthorized taking by a partner of partnership assets is not a crime.

Other factors indicate a need for caution in extending criminal liability to partnership disputes. The misuse of partnership money, in this case to pay a debt to a former partner, is the type of partnership dispute commonly seen in civil courts. The defendant argues that Article X, Section 3 of the ERA Clayton Realty partnership agreement implies that the partners anticipated that separate debts of individual partners might be paid out of partnership funds because it requires prompt repayment and indemnification of the other partners and the partnership. Interpretation of the partnership agreement is best left to a civil court or to arbitration, as required by the partnership agreement. If a civil court finds that the $1500 payment constituted a misuse of partnership funds, the aggrieved partners have adequate remedies under the UPL.

We affirm the ruling of the district court.

VOLLACK, J., dissents.

QUINN, C.J., joins in the dissent.

VOLLACK, Justice, dissenting:

The majority affirmed the district court's dismissal of one count of felony theft filed against the defendant, holding that the unauthorized taking by a partner of partnership property is not a crime. I respectfully dissent. A partner should not be immune from prosecution for theft because the property he steals belongs to the partnership.

Under the Colorado theft statute, section 18–4–401, "a person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization." § 18–4–401, 8B C.R.S. (1986). Section 2–4–401(8), 1B C.R.S. (1980), provides that:

The following definitions apply to every statute, unless the context otherwise requires:

.   .   .   .   .

(8) "Person" means individual, corporation, government or governmental subdivision or agency, business trust, estate, trust, *partnership*, or association, or *any other legal entity*.

(Emphasis added.) Thus, the term "person" in the theft statute specifically applies to partnerships, and a partnership can be prosecuted as an entity for the crime of theft. *See United States v. A & P Trucking Co.*, 358 U.S. 121, 79 S.Ct. 203, 3 L.Ed.2d 165 (1958) (Court held partnership to be an entity for purpose of prosecution for violations of criminal statutes).

At issue is whether the requirement, that the property taken be that "of another," may be satisfied if the accused is coowner in partnership of that property. While the theft statute refers to the taking of "anything of value of another" and does not use the word "property" of another, we have used the word "property" to refer to the thing taken in countless cases. *E.g., People v. Edmonds*, 195 Colo. 358, 578 P.2d 655 (1978); *People v. Treat*, 193 Colo. 570, 568 P.2d 473 (1977); *Hucal v. People*, 176 Colo. 529, 493 P.2d 23 (1971); *Kelley v. People*, 157 Colo. 417, 402 P.2d 934 (1965); *Lee v. People*, 138 Colo. 321, 332 P.2d 992 (1958). Moreover, the important focus here should not be on any subtle distinction which may exist between the words "property" and "thing of value," but rather on the words "of another" as they modify "property" and "thing of value;" that modification is identical. The definition of property "of another," as used in *all sections* of article 4 of title 18, states "[p]roperty is that of 'another' if *anyone* other than the defendant has possessory or proprietary interest therein." § 18–4–101(3), 8B C.R.S. (1986) (emphasis added).

In *People ex rel. Van Meveren v. District Court*, 619 P.2d 494 (Colo.1980), the definition of property "of another," under section 18–4–101(3), was applied to the current arson statute, section 18–4–102(1), 8B C.R.S. (1986). The arson statute, like the theft statute, makes criminal certain conduct only if it is committed on property "of another."[1] The defendant in *Van Meveren* was charged with deliberately burning his own motor home. A credit union had a security interest in the home. The defendant claimed his conduct was not criminal because the motor home was not property "of another." This court disagreed and held that, although the credit union lacked a possessory interest in the motor home, it did have a sufficient proprietary interest, by reason of the security interest, to subject the defendant to an arson prosecution. "The term 'proprietary interest' [citation omitted] is sufficiently broad to include a legally recognized security interest, such as that of the credit union, which the defendant had neither the right nor the authority to defeat or impair, even though he also had an interest in the secured property." 619 P.2d at 497. *See State v. Marion*, 122 N.H. 20, 440 A.2d 448 (1982) (mortgagor was guilty of arson where the mortgagee's interest in the structure was sufficient to consider the structure the property of another within the meaning of the criminal statute). I believe that, in light of *Van Meveren*, property "of another," as applied to the theft statute, does not require that the property taken be wholly of another. *See* Model Penal Code § 223.0 (1962).[2]

I believe the Uniform Partnership Law (the "U.P.L.") abrogates the common law principle that a coowner cannot be guilty of theft, as applied to partners. The U.P.L.

defines a partnership as "an association of two or more persons to carry on, as coowners, a business for profit." § 7–60–106(1), 3A C.R.S. (1986). Section 7–60–108(1) of the U.P.L. states that "[a]ll property originally brought into the partnership stock or subsequently acquired by purchase or otherwise on account of the partnership is partnership property." The capital of a partnership is partnership property. It belongs to the partnership; not the individual partners. *Roberts v. Roberts*, 118 Colo. 524, 526, 198 P.2d 453, 454 (1948); *People v. Zangain*, 301 Ill. 299, 133 N.E. 783 (1921); *In re the Estate of Johnson*, 129 Ill.App.3d 22, 84 Ill.Dec. 322, 472 N.E.2d 72 (1984). Courts have interpreted the Uniform Partnership Act in different ways, some holding that a partnership is a separate legal entity, *State v. Siers*, 197 Neb. 51, 248 N.W.2d 1 (1976); *Insurance Company of North America v. Department of Industry, Labor, and Human Relations*, 45 Wisc.2d 361, 173 N.W.2d 192 (1970) (in dicta, the court stated that a joint venture in this state is not a legal entity separate from the participants in the venture as a partnership is); *State v. MacGregor*, 202 Minn. 579, 279 N.W. 372 (1938); *In re Fulton*, 43 B.R. 273 (M.D.Tenn.1984), while others have rejected the legal entity theory and held that a partnership is an aggregate of its partners, *Patterson v. Bogan*, 261 S.C. 87, 198 S.E.2d 586 (1973); *Ward v. State Farmers Mutual Tornado Insurance Company of Missouri*, 441 S.W.2d 1 (Mo.1969); *State v. Brown*, 38 Mont. 309, 99 P. 954 (1909); *see* 59 Am.Jur.2d *Partnership* § 6 (1971); 50 Am.Jur.2d *Larceny* § 8 (1970); 82 A.L.R.3d 822. There is a modern trend towards treating partnerships as legal entities for some purposes. *United States v. A & P Trucking Co.*, 358

---

**1.** At common law, possession or occupancy was relevant to arson; to constitute theft, the ownership of the property or thing of value taken may be held either in the real owner or the person in whose *possession* the property is at the time of the theft. *Griffin v. People*, 157 Colo. 72, 400 P.2d 928 (1965); *Romero v. People*, 134 Colo. 342, 304 P.2d 639 (1956).

**2.** Model Penal Code § 223.0 provides definitions for theft statutes:

(7) "property of another" includes property in which any person other than the actor has an interest which the actor is not privileged to infringe, regardless of the fact that the actor also has an interest in the property and regardless of the fact that the other person might be precluded from civil recovery because the property was used in an unlawful transaction or was subject to forfeiture as contraband....

U.S. 121, 79 S.Ct. 203, 3 L.Ed.2d 165 (1958); *Grober v. Cahn,* 47 N.J. 135, 219 A.2d 601 (1966) (a partnership is a separate entity for some purposes to further a just result); *Schwartzman v. Miller,* 262 A.D. 635, 30 N.Y.S.2d 882 (1941), *aff'd,* 288 N.Y. 568, 42 N.E.2d 22 (1942) (as a general rule, a partnership is not a separate entity, but courts may regard it as such for many purposes).

I believe a partner, as a fiduciary agent of the partnership, may be held accountable as such. *See* §§ 7–60–109, 7–60–121, 3A C.R.S. (1986); [3] *State v. Sasso,* 20 N.J. Super. 158, 160–61, 89 A.2d 489, 490 (1952). The U.P.L. limits the property rights and authority of the partners. The partnership property belongs to the partnership and the partner's property rights are his interest in the partnership and his rights in specific property. § 7–60–124, 3A C.R.S. (1986).[4] The partner has the right to possess specific partnership property "for partnership purposes; but he has no right to possess such property for any other purpose without the consent of his partners."[5] The defendant contravened the partnership agreement when, without the consent of all the partners, he drew checks on the partnership account for personal purposes[6] in violation of section 7–60–118, which states in pertinent part that "no act in contravention of any agreement between the partners may be done rightfully without the consent of all the partners." § 7–60–118, 3A C.R.S. (1986). For a partner to be the agent of the partnership, there must be a presupposition that the partnership is the principal. *State v. Sasso,* at 160, 89 A.2d at 490. I believe such a presupposition makes logical sense and would adopt it. Moreover, I believe it logically follows that the defendant may be charged with stealing property of his principal (the partnership), notwithstanding that he was coowner of specific partnership property at the time of the theft.[7]

3. Section 7–60–109, 3A C.R.S. (1986), states in pertinent part:

**Partner agent of partnership.** (1) Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument for apparently carrying on in the usual way the business of the partnership of which he is a member, binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter and the person with whom he is dealing has knowledge of the fact that he has no such authority.

(2) An act of a partner which is not apparently for the carrying on of the business of the partnership in the usual way does not bind the partnership unless authorized by the other partners.

Section 7–60–121, 3A C.R.S. (1986), states in pertinent part:

**Accountable as a fiduciary.** (1) Every partner must account to the partnership for any benefit and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property.

4. Section 7–60–124, 3A C.R.S. (1986), states in pertinent part:

**Property rights of a partner.** (1) The property rights of a partner are:
(a) His rights in specific partnership property;

(b) His interest in the partnership; and
(c) His right to participate in the management.

5. Section 7–60–125, 3A C.R.S. (1986), states in pertinent part:

**Right in specific property.** (1) A partner is coowner with his partners of specific partnership property holding as a tenant in partnership.
(2) The incidents of tenancy in partnership are such that:
(a) A partner, subject to the provisions of this article and to any agreement between the partners, has an equal right with his partners to possess specific partnership property for partnership purposes; but he has no right to possess such property for any other purpose without the consent of his partners.

6. General Partnership Agreement, ERA Clayton Realty, Article X.1: "Checks shall be drawn on the partnership bank account for partnership purposes only...."

7. We note that the current theft statute consolidated the various felonies of larceny, embezzlement and the like that were separately defined prior to 1967. *White v. People,* 172 Colo. 271, 472 P.2d 674 (1970), and that embezzlement was a criminal breach of trust by a person who occupies a fiduciary relationship, i.e., as agent to a principal. *Simpson v. People,* 47 Colo. 612, 108 P. 169 (1910). *See Gill v. People,* 139 Colo. 401, 339 P.2d 1000 (1959).

Accordingly, I would reverse and reinstate the charges.

I am authorized to state that Chief Justice QUINN joins in this dissent.